# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1855.

### JACOB B. REID v. JAMES BOYD.

In an action on a judgment of a Court of another State, it is not necessary to allege that the Court had jurisdiction of the subject matter. But see what is said about the Court being a Court of general jurisdiction.

Where, in the record of a judgment of a Court of another State, a *capias ad respondendum* had been issued for the defendant, and was returned "executed personally," it was held to be sufficient *prima facie*, to show jurisdiction of the person of the defendant.

An action on a judgment of a Court of one of the United States is barred in ten years.

It seems that an action on a foreign judgment, not being a judgment of one of the United States, will be barred in four years.

Appeal from Victoria. The petition described the Court which rendered the judgment, as " a Circuit Court begun and " held in for the county of Claiborne and State of Missis- " sippi, at the Court House thereof, before the Honorable " Stanhope Posey, Judge of the first judicial district of the " State of Mississippi," &c. There was no further allegation as to the jurisdiction of the Court, but a copy of the judgment

was filed and made a part of the petition. The other facts will be found in the opinion.

*A. S. Cunningham*, for appellant.

*W. S. Glass*, for appellee, suggested delay.

HEMPHILL, CH. J. This is a suit on a judgment rendered in the State of Mississippi in the year 1847.

The defences are, demurrer to the petition, and, among other matters, it was pleaded that there was no such record; that the judgment was barred by the statute of limitations of this State; that the Court rendering the judgment had no jurisdiction; that the judgment was obtained by fraud and collusion; that there was no legal service on the defendant.

There was judgment for plaintiff. On appeal the defendant assigns error,

1st. In overruling the demurrer. In support of this assignment, it is insisted that the petition is defective in not alleging that the District Court of Mississippi had jurisdiction of the subject matter.

This objection cannot be sustained. When a judgment of a sister State is produced, the presumption is that the Court in which it was rendered had jurisdiction and authority. (5 Litt. 350.) Courts of general jurisdiction are presumed to have had jurisdiction, until the contrary appears. (19 Johns. R. 33; 3 Wend. 267; 4 Cowen's R. 282; 6 Wend. 447; 8 Cowen's R. 311; Cowen & Hill's Notes, 2 Vol. 108–112.) *Prima facie* the plaintiff would not be required to prove the jurisdiction of the Court, being one of general jurisdiction, and he was not bound to allege any fact which he was not compelled to prove.

It is urged also in support of the demurrer, that the record does not show that the Court had jurisdiction of the defendant by proper service, but shows the contrary.

The writ was a *capias ad respondendum*, requiring the

Sheriff to take the body, and him safely keep and bring his body before the Court, &c. The return was "executed personally." This is not a very satisfactory showing of the mode in which the writ was executed, but *prima facie* it must be presumed sufficient, and in accordance with the laws regulating the practice of the forum in which the suit was prosecuted. We are of opinion that in this respect also the showing of the petition had sufficiency in law.

It will not be necessary to examine in detail the other errors alleged. The attempt to show that the judgment was void as against the defendant, in consequence of his being a citizen of this State at the commencement and throughout the proceeding in which the judgment was obtained, was rebutted by the evidence that about the time of the commencement of this suit he was absent from this State and on a visit, as said by himself, to Mississippi.

Nor did the statute of limitations of this State operate as a bar to the judgment. In the case of Harper v. Nichol (*Ante*) it was held that judgments of a sister State could be barred only by the limitation of ten years. This rule in reference to such judgments, was adopted by analogy to the provisions barring domestic judgments of Courts of record. In the same case it was intimated that most probably the limitation of four years would apply to foreign judgments, not being those of a neighboring State; such judgments being only *prima facie* and not conclusive evidence of debt.

Upon the whole, we are of opinion that there was no error, and it is ordered that the judgment be affirmed.

Judgment affirmed.