## Frank Whitley v. General Electric Company.

### Delivered April 20, 1898.

**1.  Pleading—Description of Judgment Sued On.**

A petition in an action on a judgment rendered by a United States court is sufficient where it alleges that on a certain date, at a certain term of the court, naming the particular court and place of sitting, the judgment was rendered by such court in favor of plaintiff against the defendant in a cause therein pending in which they were parties plaintiff and defendant, respectively, of which cause said court had jurisdiction, and it is not necessary to allege the judgment more fully.

**2.  Evidence to Show Judgment—Practice.**

Defendant in an action upon a judgment is not prejudiced by the admission of the full transcript of the court proceedings in the case in which it was rendered, though the judgment, which was a part of the transcript, was of itself sufficient to establish a prima facie case for plaintiff.

**3.  Same—Certificate of Clerk of Court**

The certificate of the clerk of the United States circuit court to the transcript of the proceedings in a case in such court, that the "foregoing" is a full, true and correct transcript of the proceedings had by and before said court (which is named at the commencement of the certificate) "as the same appears of record and on file in the clerk's office aforesaid," sufficiently complies with the requirements of the Act of Congress with reference to the authentication of judgments.

**4.  Same—What Authentication Requisite.**

It seems that the Act of Congress does not apply to the authentication of copies of the record of a State court for use in a Federal court, or vice versa, and in such cases the common law exemplification suffices. See the opinion.

**5.  Practice—Annexing Unnecessary Exhibits.**

Improperly annexing documents as exhibits to a petition in violation of district court rule 19, does not of itself operate to reverse a judgment, particularly where the petition is complete without reference to such documents, and does not depend upon them.

**6.  Same—Costs.**

The cost of so much of the record on appeal as is taken up by documents annexed to the petition as exhibits, in violation of district court rule 19, will be charged to the plaintiff, although the judgment in his favor is affirmed.

**7.  Foreign Corporation Permit—Suit by.**

A cause of action accruing to a foreign corporation at a time when it was not transacting business in the State is not within contemplation of Revised Statutes, title 21, chapter 17, denying to certain private corporations the right to sue upon demands arising out of contract or tort, if at the time of such contract or tort the corporation was doing business in the State and had not filed its articles of incorporation with the Secretary of State and procured a permit.

APPEAL from Bowie. Tried below before Hon. HOWARD TEMPLETON.

*Henry & Henry,* for appellant.

*Dan T. Leary,* for appellee.

JAMES, CHIEF JUSTICE.—Appellee, plaintiff below, alleged in substance that it was a private corporation incorporated under the laws of New York; that on April 14, 1896, at the spring term of the United States Circuit Court, Southern District of Ohio, Western Division, at Cincinnati, a court of record, in a certain suit therein pending in which appellee was plaintiff and appellant the defendant, said court having jurisdiction to hear, determine, and adjudicate the matters involved, appellee recovered against appellant judgment for $4482.75, and certain costs of suit, which judgment, by the laws of the United States in such case made and provided, bears interest from date of its rendition at the rate of 6 per cent per annum, and which judgment remains in full force and effect. The petition recites that a copy of such judgment "plaintiff here in court produceth;" and attached to the petition in the record appears a copy of the record of the proceedings in said cause including said judgment.

The petition, independent of the record attached, contained allegations sufficient to authorize a recovery. A special exception was directed to it upon the grounds that it did not allege that the judgment sued on was rendered when court was in legal session, or at a regular term of said court at Cincinnati, nor when said court convened, was holden, or adjourned, nor who was the presiding judge for said court at that time, nor that the judgment was entered upon the minutes or records of said court by the proper officer thereof.

The petition alleged that on a certain date, at a certain term of a circuit court of the United States, a court of record, naming the particular court and place of sitting, the certain judgment was rendered by such court in favor of plaintiff against the defendant in a cause therein pending in which they were parties plaintiff and defendant respectively, of which cause said court had jurisdiction. Our opinion is that the petition in this case alleged everything that has ever been held essential in such a pleading (Freeman on Judgments, section 453), and that the matters complained of as being absent were not essential. We judicially know that the circuit courts of the United States are courts of record, and where it is alleged that it rendered a judgment, it will be presumed that it was done in such form as to make it an adjudication by a court of record. It was even unnecessary for the petition to allege that said court had had jurisdiction of the particular case. Henry v. Allen, 82 Texas, 37. The contrary was a matter of defense.

The fourth, fifth, and sixth assignments refer to the same matter. It is obviously unnecessary to notice the fourth. The fifth complains of the admission in evidence of the full transcript of the court proceedings rela-

tive to the judgment, because, as appellant says, the present suit is founded on the judgment and not on the proceedings in full. The judgment which was a part of the said transcript, of itself, if properly certified, was sufficient for plaintiff's prima facie case, and we do not see how the profert of the testimony of the proceedings leading up to the judgment could be prejudicial to defendant.

The sixth assignment undertakes to state the grounds upon which the judgment, in view of the entire transcript, was improperly admitted. One is because the judgment was not duly authenticated or certified under the Act of Congress. The transcript of which the judgment is a part seems to embrace all the proceedings in the case, inclusive of the judgment. The clerk's certificate to the same reads thus: "The United States of America, Southern District of Ohio, Western Division.—I, Benjamin R. Cowen, clerk of the Circuit Court of the United States of America within and for the division and district aforesaid, do hereby certify that the foregoing is a full, true, and correct transcript of the proceedings had by and before said court, and as the same appears of record and on file in the clerk's office of the court aforesaid." The certificate of the judge is in form prescribed by the Act of Congress, and sufficient. The above certificate of the clerk was also sufficient. The document to which it refers, to wit, the "foregoing transcript," is identified by the certificate and designated as a transcript of proceedings of said court of record, in his office. The proceedings thus certified speak for themselves. It seems, however, that the Act of Congress does not apply to the authentication of copies of the record of a State court for use in a Federal court or vice versa, and in such cases the common law exemplification by the clerk suffices. Underhill on Ev., p. 225. But no such objection was made in the court below, and upon the question we do not express an opinion. The objection was that the certificate was not sufficient under the Act of Congress. The objection was, in our opinion, not well taken. The other objections to the admission of the copy of the judgment are, from what has been stated, without force.

It is also assigned as error that a certain special exception to the petition was not sustained, which was that the above record or transcript was improperly attached to the petition, under Rule 19 prescribed for the district courts. We do not believe it was intended that improperly annexing documents as exhibits should of itself operate to reverse a judgment, particularly where the petition is complete without regard to such documents, and does not depend on them, as in the present case. We notice that the petition does not refer to the transcript as an exhibit; it merely states that the transcript is produced. It could have been detached without having any effect whatever upon the petition; and further we do not see how defendant was prejudiced by plaintiff's producing and giving notice of the proceedings evidenced by this transcript, and leading up to the judgment sued on. In addition to this the suit was upon the judgment and the rule permits instruments sued on to be made exhibits. We think, however, that the annexation of this voluminous record to the

petition was improper, and entailed unnecessary costs in making up the record, and that the court should have caused it to be detached from the petition upon defendant's complaint, and the latter should be relieved of the costs consequent upon such condition of the petition. The cost of so much of the present record as is taken up by said transcript will be charged to appellee by the judgment of this court.

The remaining question arises under the first and seventh assignments. Plaintiff alleged itself to be a corporation created in another State, and did not allege that it had complied with the provisions of chapter 17, title 21, of our Revised Statutes, and defendant under a special plea offered to prove that plaintiff was such foreign corporation doing business in this State for pecuniary profit, and had, at the time this suit was brought and when tried, a branch business and saleshouse in Dallas, Texas, where it transacted its business. The court did not sustain appellant in this. We do not think there is anything in the petition which would make the demurrer lie. Nor do we think that any error was committed in rejecting the above evidence. Plaintiff had recovered a judgment against the defendant in Ohio, nearly a year before this suit was brought. The statute denies to certain foreign private corporations the right to sue upon demands arising out of contract or tort, if at the time of such contract or tort the corporation was doing business in this State and had not filed its articles of incorporation with the Secretary of State for the purpose of securing its permit. We think the statute has no reference to a cause of action accruing to a foreign corporation, at a time when it was not transacting any business in this State. So far as defendant offered to show, plaintiff was doing business in this State when this suit was brought and since that time, but not when the transaction was had with respect to which the judgment sued on was rendered. We think the statute goes no further than that no such corporation doing business in this State, without having filed articles, can sue in this State upon any contract made or tort committed while so doing business in this State. It does not appear, and it was not offered to be shown, that the transaction out of which this judgment grew was had while plaintiff was doing business in this State contrary to said statute, and in our opinion the statute was not in the way of this suit. We do not think it necessary to consider in this case whether or not the plaintiff, if it had a branch house within this State where it carried on its business as was offered to be shown, came within the meaning of our statute.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.