### ZERR v. LAWLOR.   (No. 7867.)

Court of Civil Appeals of Texas. San Antonio. Nov. 23, 1927.

1. **Licenses** ☞18½—One suing for commissions on sale of domestic corporation's stock must allege and prove permit to sell (Blue Sky Law [Rev. St. 1925, arts. 579–600]).

In action for commissions on sale of capital stock of domestic corporation, plaintiff must allege and prove that permit to sell stock was obtained, as required by Blue Sky Law (Rev. St. 1925, arts. 579–600).

2. **Corporations** ☞1—Domestic corporations are under state's dominion and control.

Domestic corporations are the creatures of the state, under its dominion and control.

3. **Licenses** ☞39—Petition alleging contract for 25 per cent. commissions on sale price of corporate stock held bad as setting up illegal contract (Blue Sky Law [Rev. St. 1925, arts. 579–600]).

Petition alleging contract for, and praying recovery of 25 per cent. commissions on sale price of corporation's capital stock, held bad as setting up contract in violation of Blue Sky Law (Rev. St. 1925, arts. 579–600), limiting commissions to 20 per cent.

Error from District Court, Bexar County; R. B. Minor, Judge.

Action by W. F. Lawlor against E. M. Zerr. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

W. M. Groce, and Lewright & Lewright, all of San Antonio, for plaintiff in error.

Drew Pruitt, of San Antonio, for defendant in error.

FLY, C. J. Lawlor sued Zerr to recover certain commissions alleged to be due him on the sale of certain capital stock of the Standard Body & Manufacturing Company, under a written contract made a part of the petition. Plaintiff in error, though duly cited, made default, and judgment was rendered against him for the sum of $1,637.50. Afterwards plaintiff in error filed a motion for new trial, which was overruled, and afterwards obtained this writ of error.

The petition alleged that the Standard Body & Manufacturing Company, a corporation organized under the laws of Texas, had an authorized capital of $50,000, divided into 500 shares; that on the 5th day of April, 1926, a contract was entered into by and between E. M. Zerr, "the president, organizer, and promoter of said corporation," and defendant in error, which is set out in full in the petition. The language of the contract shows that it was made for the corporation, and it is provided therein that defendant in error was given the privilege of selling $35,000 worth of capital stock of the corporation for $100 per share. The contract provides that defendant or his agents should sell the stock and pay the corporation 75 per cent. of the amount realized for the stock, and that stock should be issued by the corporation for the same. The contract gave authority to sell stock on credit and take notes bearing 8 per cent. interest. The contract was exclusively to defendant in error, and the 25 per cent. of the amount of sales should be retained by defendant in error and paid out by him as he might desire.

Under the statute known as the "Blue Sky Law" (title 19, articles 579 to 600, inclusive, Rev. St. 1925) every concern which is formed or created or which increases its capital stock shall file in the office of the secretary of state an application for a permit to sell stock or other securities and for the transaction of any and all other business in the state. The requisites of the application are set out in detail. A copy of its articles of association, partnership agreement, and its constitution, by-laws, or any other contract agreement or other form of organization showing county or counties in which the instruments are filed for record, copies of stock certificates, bonds or other securities, the price at which they are to be sold and amount of commissions to be paid agents, "and a detailed statement showing the assets and liabilities of such issues together with a profit and loss statement"—all of these shall

300 S.W.—8

be filed in the office of the secretary of state before the permit is granted. It is provided in article 583 that the secretary of state, after satisfying himself that the applicant for the permit will honestly and fairly conduct its business, may grant the permit. It is further provided:

· "Commissions for the sale of stock and other securities, promotion, and all other incidental expenses shall not, in the aggregate, exceed twenty per cent. of the price at which the stock or other securities are to be sold, as shown by the application or amended application."

The petition fails to show that the corporation obtained a permit to sell stock, and affirmatively showed that 25 per cent. commissions were contracted for with defendant in error. After copying the contract, it is alleged:

"Wherein and whereby the defendant employed the plaintiff as the exclusive broker and salesman to sell the capital stock of said corporation at par; that by the terms of said contract the defendant agreed and obligated himself as the president, organizer, and promoter of said corporation to pay plaintiff 25 per cent. on all sales of said stock made by the defendant at par."

The judgment gave a recovery for 25 per cent. of the sales. It is provided that:

"Any person violating any provision of this article (section 1072, Crim. Stats. 1925) shall be fined not less than one thousand nor more than ten thousand dollars, and in addition thereto to be imprisoned in the penitentiary for not less than one nor more than five years."

[1,2] Under the terms of the Blue Sky Law, no sale of stock belonging to a corporation could be legally made without having first obtained a permit from the secretary of state, and it seems clear that a petition failing to allege that such permit had been obtained failed to state a cause of action. There has been no decision directly in point on this question, but it has been held that it is absolutely essential for a foreign corporation bringing an action in the courts of Texas to allege and prove that it had obtained a permit to transact business in the state. Taber v. Interstate Building & Loan Assn., 91 Tex. 92, 40 S. W. 954; Whitley v. Gen. Elec. Co., 18 Tex. Civ. App. 674, 45 S. W. 950; Chapman v. Hallwood Cash Register Co., 32 Tex. Civ. App. 76, 73 S. W. 969. By analogy we deem it logical to hold that it is absolutely essential in a case depending on the power of a state corporation to issue capital stock to allege and prove that the law had been followed in the sale of the stock. Domestic corporations are the creatures of the state, under its dominion and control, and, while it has not been, as in the case of foreign corporations, denied the right to sue in state courts, unless a conflict with law is shown, still the state has, in mandatory

terms, prescribed the prerequisities to the sale of stock by corporations, and has made it a felony to violate the terms of the Blue Sky Law, and so important and vital a matter in a suit should be both alleged and proved by any one depending on a contract with the corporation for a recovery.

[3] Not only has the petition failed to allege a compliance with the requirements of the Blue Sky Law, but it has in terms set up a contract that is in violation of the statute, and void upon its face. The law says not more than 20 per cent. of the sales price shall be paid for commissions, and the petition alleges a contract for commissions of 25 per cent. and bases a recovery thereon. On its face the petition fails to state a cause of action, and a judgment based thereon is illegal and void.

The judgment is reversed, and judgment here rendered in favor of plaintiff in error.