## ALLEE v. VAN CLEAVE et al.

### No. 12622.

Court of Civil Appeals of Texas.
Galveston.

Dec. 3, 1953.

Rehearing Denied Jan. 7, 1954.

Henson, Coleman, Walker & Baskin, and Stanley D. Baskin, Pasadena, for appellant.

Bates & Cartwright, and Ralph K. Miller, Houston, for appellees.

HAMBLEN, Chief Justice.

This is an appeal from a judgment of the District Court of Harris County, Texas, denying appellant's application for a writ of habeas corpus by which he sought to obtain custody of his minor child, James Derrell Allee. Appellant based his right to the writ upon a purported judgment of the Superior Court of Los Angeles County, California, dated September 15, 1952, which by its terms awarded custody of such child to appellant, subject to reasonable visitation granted to appellee, Bernice Van Cleave, the mother of the child. The issue to be determined on this appeal is whether the

judgment of that court is entitled to full faith and credit under Art. IV, Sec. 1 of the Constitution of the United States.

The record presented insofar as it is material to the issue to be determined is brief. Appellant offered in evidence in the trial court the judgment of the Superior Court of Los Angeles County, California, dated December 16, 1949, granting appellee, Bernice Van Cleave, a divorce from appellant, awarding appellee custody of the minor child of the marriage, ordering appellant to contribute to the support of the child, and granting him visitation privileges. Appellant next offered properly authenticated copies of an order of the Superior Court of Los Angeles County, California, dated June 26, 1952, modifying the above judgment so as to permit appellant to have custody of the child from that date until September 15, 1952, and terminating support payments during that period, and an order of the same court dated September 15, 1952, granting appellant complete custody of the child subject to reasonable visitation granted to the mother. Appellant also offered an authenticated copy of the service of citation upon appellees showing service on May 14, 1952, of appellant's application to modify the December 16, 1949 judgment. The citation ordered appellees to appear June 26, 1952. Facts were adduced which support findings of fact by the trial court to the effect that appellee, Bernice Van Cleave, and her husband, Frederick, who is joined in this suit, together with the minor child, moved from California to Texas on or about May 20, 1952, since which time they have resided in the State of Texas.

Based upon such facts, which the record supports, the trial court concluded that the California court was without jurisdiction to render the judgment of September 15, 1952, and refused the applied-for writ of habeas corpus. With this conclusion and judgment we are unable to agree.

As nearly as we are able to ascertain, appellees' argument that the California judgment is invalid is based upon two basic propositions: first, they say the citation served upon appellees shows on its face that appellant sought a modification of the original divorce decree only to the extent of awarding him custody of his child during the summer vacation period and, therefore, the pleadings are insufficient to support the judgment of the court granting him full custody, and, second, they say since they were residents of Texas from and after May 20, 1952, the California court could not acquire jurisdiction over them to render the judgment of September 15, 1952.

The law in Texas, which must be applied in view of appellant's failure to invoke Rule 184a, Texas Rules of Civil Procedure, seems to be well settled that if an authenticated judgment appears on its face to be a record of a court of general jurisdiction, jurisdiction over the cause and the parties will be presumed unless disproved by extrinsic evidence or by the record itself. Such has been the rule from the early decision of our Supreme Court in Reid v. Boyd, 13 Tex. 241, to the present time. When the judgment of the California court dated September 15, 1952, is examined in the light of these presumptions, it seems clear that by its introduction appellant made a prima facie case entitling him to the writ applied for, and examining the evidence extrinsic of the judgment itself it appears that appellees not only plead no fact in derogation of the validity of the judgment, but offered no proof of its invalidity.

The record affirmatively shows that the California court acquired jurisdiction over appellees by virtue of the citation served May 14, 1952. Such jurisdiction over the parties, once acquired, continues to the conclusion of the case. The trial court found as a fact that appellees were not served with notice of the hearing of September 15, 1952. While we are unable to find support for such finding in the record presented, we are of the opinion that such finding has no bearing upon the determination of this case. The record does affirmatively show that the California court acquired jurisdiction, which cannot be de-

feated by appellees' removal thereafter to Texas. Not only is the judgment supported by the presumption above mentioned, but also shows on its face appearance by counsel on behalf of appellees on the date of its rendition.

It is true that under the law of Texas, as reflected by Rule 301, T.R.C.P., and the cases interpreting that Rule, a judgment must be based on pleadings comprehending the relief granted and while the record does show that the suit as instituted comprehended only a granting of custody during the summer vacation period, it does not show that such was all of the pleading upon which the final judgment of the court was rendered. The presumption in favor of the jurisdiction of the California court includes the presumption that its judgment is based upon proper pleadings and that the court acted within its powers in rendering judgment. Having once brought appellees before the court for the limited relief originally sought, appellant could by amendment and without additional service seek a more onerous judgment against appellees. One who submits to jurisdiction of a court is in court for all purposes. Landram v. Robertson, Tex. Civ. App., 195 S.W.2d 170. Here the record not only shows service of citation upon appellees but also shows appearance on their behalf by counsel at all times material.

If, as appellees contend, the judgment of the California court is invalid, either because of defective service or because it is not supported by the pleadings, it was their duty to not only plead such defenses but to offer proof in support thereof. This they failed to do, and since this judgment appears on its face to be a record of a court of general jurisdiction, and since jurisdiction is not disproved either by extrinsic evidence or by the record itself, it follows that it is entitled to full faith and credit.

For that reason we conclude that the judgment of the trial court is erroneous and must be reversed and judgment rendered in accordance with this opinion.