**Dianne Bordelon HINDS, Appellant,**

v.

**William H. HINDS, Appellee.**

**No. 15155.**

Court of Civil Appeals of Texas, San Antonio.

Feb. 14, 1973.

Evans & Marshall, Frank Y. Hill, Jr., San Antonio, for appellant.

BARROW, Chief Justice.

Appellant-wife brought this suit against appellee-husband seeking custody and support for the couple's two minor children. Husband, a resident of Louisiana, entered a special appearance under Rule 120a, Texas Rules of Civil Procedure, and urged that the Bexar County District Court was without jurisdiction since a prior suit was pending in Louisiana, the marital domicile of the parties. The trial court dismissed the wife's petition for want of jurisdiction after a non-jury hearing, and she has duly perfected this appeal.

The couple were married in Louisiana in 1969, and made their marital home there until May 30, 1972, when wife left with the two minor children. She came to San Antonio with her aunt and uncle and has been living in their home at all relevant times thereafter. On June 7, 1972, husband filed suit in Louisiana seeking a separation and custody of the children. A hearing was held on this suit on June 19, 1972, wherein

wife was personally represented by both Texas and Louisiana counsel. Nevertheless, this petition was filed in Bexar County on June 17, 1972.

■ Article 4639b, Vernon's Tex.Rev. Civ.Stat.Ann., authorizes a suit for support or custody where the parents are separated, although the marriage relation exists. Furthermore, it is settled law that a Texas court may exercise jurisdiction over the custody of a child which is physically present in the state, although the child's legal domicile may be in another state. Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876 (1948); Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165 (1938). See also: 1 Restatement of Conflict of Laws 2d, Section 79. This does not mean, however, that our courts must or should take jurisdiction in every case where the child happens to be before the court. As was said in Wicks v. Cox, supra, 146 Tex. at 878, 208 S.W.2d at 878, "Ordinarily the courts of the domiciliary state are in a better position to pass intelligently on the matter of the child's welfare, and good order frequently requires that they do so to the exclusion of courts of other states in which the child is temporarily resident."

■ It is our opinion from an examination of the record before us that the trial court did not abuse its discretion in dismissing wife's petition for want of jurisdiction. The Louisiana court had a prior suit pending, involving the same issue, and both parties were before said court. The marital domicile of the couple was in Louisiana; and, therefore, the witnesses would be much more accessible to the Louisiana court. The trial court undoubtedly could have concluded that wife was still domiciled in Louisiana, although she had been in Texas about three weeks, and testified that her intention was to permanently reside here. A consideration of these facts fully justified the trial court in declining jurisdiction over this petition.

The judgment is affirmed.