Jack McCARTY, Appellant,

v.

Edna Mae (McCarty) WALKER, Appellee.

No. 8373.

Court of Civil Appeals of Texas, Texarkana.

July 6, 1976.

Pat C. Beadle, Beadle & Beadle, Clarksville, for appellant.

T. D. Wells, Wells & Wells, Paris, for appellee.

CORNELIUS, Justice.

Appellee filed for a writ of habeas corpus seeking to obtain from appellant the possession of her two minor sons. The trial court granted the writ and placed the minors in the custody of appellee.

Appellee and Ronald Wayne McCarty, Sr. were divorced by decree of the District Court of Jefferson County, Oklahoma, on October 28, 1970. Custody of their two sons, Ronald Wayne McCarty, Jr. and James Darrell McCarty, now ages 5 and 7, respectively, was awarded to appellee. Subsequently, upon the joint motion of appellee and Ronald Wayne McCarty, Sr., the Oklahoma court modified the custody order and placed the minors in the custody of appellant, their paternal grandfather. Appellant and the minors thereafter moved to Texas. On September 11, 1974, the Oklahoma court again modified its custody decree and restored custody to appellee. In that decree it was stated that the previous order which had placed the minors in the custody of their grandfather was not intended to be a permanent arrangement but was to extend only until such time as either the mother or the father of the minors became financially able to care for them, and that since appellee was now married and in a position to financially and otherwise properly care for the children, it was in their best interest that appellee have their custody. After entry of the modified Oklahoma cus-

tody decree, appellee came to Texas and filed her petition for writ of habeas corpus to secure possession of the children. Her petition alleged she was entitled to possession of the children under the Oklahoma decree, and also that her change in marital status and home environment rendered it in the best interests of the children that she be given their custody. A duly authenticated copy of the Oklahoma decree was attached to the petition and was introduced into evidence at the trial. The father of the children, Ronald W. McCarty, Sr. appeared at the trial, but has not appealed or complained of the judgment below.

The trial court found and concluded that the decree of the Oklahoma court was entitled to full faith and credit; said court had jurisdiction over the children on the date its decree was rendered; appellee had successfully married and was no longer in financial straits; appellee was financially able and was a fit and proper person to have custody of the minors; the minors were in dire need of the care of their mother, appellee; appellant was not married and was in his sixty's; and, all parties and the children being before the court, the court found that, independent of all other reasons, the welfare and interests of the minors would be best served by awarding their custody to the appellee.

Appellant contends that the Oklahoma court did not have jurisdiction to enter the modified decree because he was not a party thereto, he was not served with notice thereof, and the children were not residents of the State of Oklahoma when the decree was rendered. He also contends there was neither pleading nor evidence of materially changed conditions which justified the Texas court in changing the custody from him to appellee.

Subject to the full faith and credit requirements of Article IV, Sec. 1 of the United States Constitution, this proceeding is governed by Sec. 14.10 of the Texas Family Code which provides in part as follows:

"Sec. 14.10. Habeas Corpus

(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) The court shall disregard any cross action or motion pending for modification of the decree . . . unless it finds that the previous order was granted by a court of another state . . . and that:

(1) the court did not have jurisdiction of the parties; or

(2) the child has been within the state for at least 12 months immediately preceding the filing of the petition for the writ. . . ."

A final judgment in child custody matters rendered by a court of another state is entitled to full faith and credit in the courts of Texas. *Bukovich v. Bukovich,* 399 S.W.2d 528 (Tex.1966). An exception applies when the court which rendered the judgment was without jurisdiction of the cause of action or of the parties. *Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1944); *Fraley v. Martin,* 168 S.W.2d 536 (Tex.Civ.App., Dallas 1943, no writ). The introduction of a duly authenticated copy of the judgment establishes a prima facie case for its recognition and enforcement in the forum where introduced. *Whitley v. General Electric Co.,* 18 Tex.Civ.App. 674, 45 S.W. 959 (1898, writ ref'd); *Hamilton v. Newbury,* 412 S.W.2d 801 (Tex.Civ.App., Dallas 1967, writ ref'd n. r. e.). When the judgment appears on its face to be a record of a court of general jurisdiction, jurisdiction over the *cause* and the *parties* will be presumed unless disproved by extrinsic evidence or by the record itself. *Gunther v. Gunther,* 478 S.W.2d 821 (Tex.Civ.App., Houston 14th Dist. 1972, writ ref'd n. r. e.); 34 Tex. Jur.2d, Judgments, Sec. 383. It will also be presumed that the court acted within its powers in rendering the judgment. *Autry v. Autry,* 350 S.W.2d 233 (Tex.Civ.App., El Paso 1961, writ dism'd); *Allee v. Van Cleave,* 263 S.W.2d 276 (Tex.Civ.App., Gal-

veston 1953, no writ). When jurisdiction over a person affected by the judgment is questioned, the burden is on the person claiming lack of jurisdiction to show there was no appearance or notice sufficient to make the decree binding upon him. *Follak v. Brown*, 530 S.W.2d 882 (Tex.Civ.App., Beaumont 1975, no writ); *Dowden v. Fischer*, 338 S.W.2d 534 (Tex.Civ.App., Waco 1960, no writ); 34 Tex.Jur.2d, Judgments, Sec. 383. In the absence of such proof, all prior requisites to jurisdiction will be presumed. *Henry v. Allen* (1891), 82 Tex. 35, 17 S.W. 515; *Allee v. Van Cleave*, supra.

■ In this case, appellant subjected himself to the jurisdiction of the Oklahoma court when he appeared in that court and accepted custody of the minors. The removal of appellant and the children to Texas did not defeat that jurisdiction. *Dowden v. Fischer*, supra; *Camp v. Newsom*, 329 S.W.2d 347 (Tex.Civ.App., Waco 1959, writ ref'd n. r. e.). Appellant would, however, have been entitled to notice before the Oklahoma custody order was changed. In this proceeding appellant pleaded that he had received no such notice, but he made no effort to prove the lack of notice, and the record is entirely silent in that regard. Therefore, supported by the presumptions heretofore noted, the judgment of the Oklahoma court restoring custody to appellee stood unimpeached and was entitled to full faith and credit in the courts of Texas.

Moreover, Subparagraphs (b)(1) and (2) of Section 14.10 authorize the Texas court to make its own determination of custody if the court of the sister state did not have jurisdiction over the parties or if the minors had been within the State of Texas for at least 12 months immediately prior to the filing of the petition for writ of habeas corpus. It was stipulated that these minors had resided in Texas for some two years immediately prior to the filing of the petition for the writ. In her petition for the writ, appellee in effect alleged a change of conditions and prayed that custody be awarded to her in the best interests of the minors. All of the interested parties, including appellant, appellee, the minors and their father, were present in the Texas court when appellee's petition was heard. At the beginning of the hearing the trial judge stated:

"Well, in view of all those facts, the court will hold that this court does have jurisdiction for whatever order that may be made on whatever evidence that is put on the witness stand which will affect the best interests of the children."

To that statement appellant's counsel replied: "We agree to that position, Your Honor." The court then heard evidence from both appellant and appellee as to the conditions and circumstances which they contended required that custody be vested in them. The trial court was therefore authorized to determine the issue of custody on the basis of changed conditions regardless of whether the Oklahoma court had jurisdiction of appellant at the time it entered its last custody decree.

■ Appellee supported her right to custody on the grounds that, as recited therein, the Oklahoma decree vesting appellant with custody was a temporary award entered because appellee was not married at the time and could not then provide a home or support for the minors, and that a change of conditions had occurred in that she was now successfully married and that she and her husband were both able and willing to care for and support the children. On the other hand, appellant produced evidence that the interests of the children would be better served if custody was awarded to him. Upon this evidence, the trial court concluded that the interests of these minors of tender years would be best served if their custody was awarded to appellee, their mother, and we find the evidence sufficient to support such a conclusion.

At a point in the hearing, appellant was cut off from producing additional evidence in his favor as to the best interests of the children, but later that evidence was fully developed on appellant's Bill of Exception presented before the trial court, and we cannot say it was of such a nature as to compel a different result.

The judgment of the trial court is affirmed.