John ALSTON et ux., Appellants,

v.

Linda Joyce RAINS, Appellee.

No. 8697.

Court of Civil Appeals of Texas, Texarkana.

Aug. 31, 1979.

Rehearing Denied Oct. 9, 1979.

John M. Harris, Irving, for appellants.

Mitchell D. Stevens, Dallas, for appellee.

RAY, Justice.

This is a habeas corpus proceeding. Linda Joyce Rains, mother of Sarannah Elizabeth Rains, filed her application for writ of habeas corpus seeking the return of her child from her (Linda's) parents, John and Joan Alston, appellants. The trial court found that the child had been illegally confined and restrained by the maternal grandparents and ordered the child returned to the mother, Linda Joyce Rains. The maternal grandparents have perfected their appeal and submit one point of error for our consideration.

The single point of error is as follows: "The Trial Court erred in failing to give full faith and credit to that *Order Appointing Permanent Guardian of The Person* (Respondent's Exhibit No. 1, Second Document) of the Probate Court of Franklin County, Arkansas, Ozark District, awarding the permanent guardianship of the person of Sarannah Elizabeth Rains, A Minor, to John H. Alston and Joan Alston."

Linda Rains is a college graduate who is blind. On June 7, 1975, Linda married Calvin Homer Rains (who is not blind) and nine months later, on March 28, 1976, Sarannah Elizabeth Rains, their daughter, was born. Shortly after Sarannah's birth, the Rains began having marital problems and in July of that year, Linda took Sarannah to live with her parents, the Alstons, in Ozark, Arkansas, until she and Calvin could resolve their problems. Linda and Calvin Rains separated on October 8, 1976; later that month, on October 25, Linda petitioned the Domestic Relations Court of Dallas County, Texas, for a divorce. During this same time period, she asked her parents for the return of her child, but the Alstons refused to return Sarannah to Dallas. On December 30, 1976, the Domestic Relations Court granted Linda's petition for divorce, named her managing conservator of Sarannah Elizabeth Rains, and ordered Calvin Homer Rains to pay $150.00 per month child support. The Alstons were not parties to this suit.

In early February, 1977, the Alstons petitioned the Probate Court for the Ozark District of Franklin County, Arkansas, to be appointed permanent guardians of Sarannah Elizabeth Rains. On April 6, 1977, a hearing on this application was held in Arkansas. Present before the court were the Alstons with their attorney, Calvin Rains, and Linda Joyce Rains with her attorney. Sarannah was also present before the court. A full hearing was held with both sides calling witnesses. The court determined that it would be in the best interest of the child to appoint the Alstons permanent guardians, and therefore granted their application. In addition, the court carefully set out extensive visitation rights. The judgment of that court was subsequently affirmed by the Arkansas Supreme Court in *Rains v. Alston,* 576 S.W.2d 505 (Ark.1979). Initially, the supreme court held that Linda was not fit to have custody because she was blind. However, on rehearing, the court clarified its opinion and stated that there were other reasons to support the decision of the probate court.

On April 21, 1978, pursuant to an order of the Probate Court of Franklin County, Arkansas, the Alstons brought Sarannah to Dallas, Texas, for a visit with her mother. Linda was waiting for them with a writ of habeas corpus for the return of the child. A hearing was held in Dallas on the writ on April 28, 1978, with both sides present and represented by counsel, wherein the trial judge refused to recognize the Arkansas guardianship decree and ordered that Linda Rains have custody of the child pursuant to the previous decree of the Dallas court awarding Linda the managing conservatorship of Sarannah. It is from this action that the Alstons appeal, asserting that the guardianship judgment is entitled to full faith and credit.

The controversy surrounding the custody of this minor child has been whether or not Linda can properly care for the child. The Probate Court of Franklin County, Arkansas, and the Arkansas Supreme Court have concluded that Linda cannot properly care for the child. However, that question is not before this Court for determination. The issue presented here is whether or not the District Court of Dallas County should have given full faith and credit to the judgment of the Probate Court of Franklin County, Arkansas, pursuant to the information it had before it at the habeas corpus hearing.

Article IV, Section 1 of the United States Constitution provides the following:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

■ Normally, a final judgment in a child custody matter rendered by a court of another state is entitled to full faith and credit in the courts of Texas. However, proof of a material change of conditions since the decree of the sister state will support a change of custody if such would be for the best interest of the child. *Bukovich v. Bukovich,* 399 S.W.2d 528 (Tex.1966). Another exception to the requirement of full faith and credit applies when the court which rendered the judgment was without jurisdiction of the cause of action or of the parties. *Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1944); *McCarty v. Walker,* 538 S.W.2d 861 (Tex. Civ.App.Texarkana 1976, no writ); Tex. Family Code Ann. § 14.10(b)(1) (Supp.1979).

Tex.Family Code Ann. § 14.10 (Supp. 1979) governs the use of habeas corpus to regain possession of a minor child. Under this section, a court shall disregard any cross-action or motion for modification unless it finds that (1) the prior order was granted by a court that lacked jurisdiction, § 14.10(b)(1); (2) the child has not been in the relator's possession and control for the six months immediately preceding the filing

of the petition for the writ, § 14.10(b)(2); (3) there is a serious immediate question concerning the welfare of the child, § 14.-10(c); or (4) the right to possession of the child is not governed by a court order, § 14.10(e). The only exception raised by the facts of this case is whether the Arkansas probate court had jurisdiction to entertain a suit for the guardianship of the person of the minor child.

■ The child was present and within the jurisdiction of the Probate Court of Franklin County, Arkansas, and Linda Joyce Rains answered and appeared in that action in person and by and through her attorney. We must therefore hold that the Arkansas court had jurisdiction to determine guardianship of the person of Sarannah Elizabeth Rains. Restatement (Second) of Conflict of Laws § 79 (1971) provides that a state has power to exercise judicial jurisdiction to determine the custody, or to appoint a guardian of the person of a child or adult who is present in the state, or who is neither domiciled nor present in the state if the controversy is between two or more persons who are personally subject to the jurisdiction of the state. The minor child was physically present in Arkansas and Linda voluntarily appeared and subjected herself to the personal jurisdiction of the Arkansas probate court. Section 79, Restatement (Second) of Conflict of Laws has been recognized by the courts of Texas and Arkansas as a basis to assume jurisdiction in a child custody matter. *Hinds v. Hinds,* 491 S.W.2d 448 (Tex.Civ.App.San Antonio 1973, no writ); *Bonds v. Lloyd,* 259 Ark. 557, 535 S.W.2d 218 (1976). Since the Arkansas court had jurisdiction over the action and over the parties, the trial court erred in refusing to extend full faith and credit to the Arkansas decree and should have refused to grant the application for writ of habeas corpus.

■ In a suit brought under Tex.Family Code Ann. § 14.10, supra, the trial court must first determine if the relator is entitled to possession of the child by virtue of a court order. If the court so finds, and unless one of the statutory exceptions listed

under § 14.10 applies, the duty of the court is to deliver immediate possession of the child to the party named in the court order. *Strobel v. Thurman,* 565 S.W.2d 238 (Tex. 1978); *Trader v. Dear,* 565 S.W.2d 233 (Tex. 1978); *Saucier v. Pena,* 559 S.W.2d 654 (Tex.1977); *Lamphere v. Chrisman,* 554 S.W.2d 935 (Tex.1977); *Standley v. Stewart,* 539 S.W.2d 882 (Tex.1976). Justice Daniel in his concurring opinion in *Trader v. Dear,* supra, states that "Even a court of continuing jurisdiction, however, is bound by the mandatory language of Section 14.-10. It must grant a writ of habeas corpus for the delivery of possession of a child in accordance with an existing court order without any delay for separate or simultaneous consideration of a pending motion for modification of the existing custody order and without consideration of the best interests of the child. . . ."

In *Lamphere v. Chrisman,* supra, Chief Justice Greenhill discusses the effect of § 14.10, supra, on motions for change of custody raised at a habeas corpus proceeding and states:

" . . . Section 14.10 does not require the trial court to *dismiss* pending suits or motions for change of custody; it requires only that these matters be *disregarded* until such time as the application for the writ of habeas corpus is disposed of. Therefore, after the writ is either issued or denied, the trial court is free to continue with the disposition of any suits or motions for change of custody. The jurisdictional or other questions raised in the change of custody suit may then be considered on appeal from the final judgment in that suit. . . ."

■ A habeas corpus proceeding is not the proper vehicle to relitigate custody of a child as Linda Rains has attempted to do in

this case. The only determination the trial judge should have made was whether Linda was entitled to the possession and custody of the minor child by virtue of a court order. Since the Arkansas judgment was entitled to full faith and credit, the Alstons were entitled to possession of the child and it was error to deliver the child to Linda Joyce Rains.

■ While the holding in *Lamphere,* supra, suggests that once possession of the child has been determined pursuant to § 14.10, supra, the trial judge is then free to re-open the question of custody, it must be kept in mind that due process must be afforded the out of state residents.[1]

Section 14.10 of the Tex.Family Code Ann. represents the public policy of this State concerning child custody jurisdiction. Texas courts should no longer provide a forum to parties who flee across state lines merely seeking to relitigate child custody disputes. Although we may feel compassion for this blind mother who has struggled valiantly to retain possession of her child, we must bow to the greater policy consideration of discouraging forum shopping in custody disputes.

Judge Bernice Kizer, Probate Judge for the Ozark District of Franklin County, Arkansas, should be commended for her thoroughness in determining the facts surrounding the custody of this minor child and in striving to reach a result that would be in the best interests of the child and the mother. Judge Kizer's court has been continually open for determining the ability of the mother to care for the child and we feel sure that the Probate Court of Franklin County, Arkansas, will remain open for a redetermination of custody upon a showing of changed conditions which would perhaps

---

1. See generally the cases cited in *Butler v. Butler,* 577 S.W.2d 501 (Tex.Civ.App.Texarkana 1978, writ dism'd), related to notice, minimum contacts and other problems concerning due process. The State of Arkansas has recently adopted the Uniform Child Custody Jurisdiction Act (Sec. 91, Arkansas Session Laws, effective July 20, 1979.) Professor Sampson has commented on the safeguards provided by this Act. See Sampson, *Jurisdic-* *tion in Divorce and Conservatorship Suits,* 8 Tex.Tech L.Rev. 159 at 232 (1976). Prof. Sampson indicates that under existing Texas law, which has not adopted the Uniform Act, even greater restraint should be exercised by the Texas court before exercising its continuing jurisdiction where the domicile of the child has changed in the interim. See 8 Tex.Tech L.Rev. at 235.

entitle the mother of this child to regain custody.

█ In summary, Linda was asserting the right to possession of the minor child pursuant to the Texas decree appointing her the managing conservator of the child. The Alstons, who were not parties to the divorce decree, were asserting their rights to possession under a later and superior judgment that was entitled to full faith and credit because both Linda and Calvin had voluntarily submitted themselves to the jurisdiction of the Arkansas probate court. We therefore hold that the Arkansas decree was entitled to full faith and credit and the Arkansas decree governs the right of possession because it is the last decree entered concerning possession over which a court had jurisdiction of the parties and the subject matter. The immediate right to possession of the child in this case was governed by the Arkansas court order rather than the Texas court order and thus, Linda was not entitled to possession of the child under § 14.10. Because we have held that the Arkansas decree is the governing court order, it follows that Linda was not entitled to have her application for writ of habeas corpus granted and the trial court should have returned the child to the possession of the Alstons immediately. Giving full faith and credit to the Arkansas decree in the habeas corpus proceeding does not necessarily forestall the trial court from relitigating custody subsequent to the delivery of the child to the Alstons if there is a showing of a material change of conditions and the necessary requisites of due process can be met. *Bukovich v. Bukovich*, supra. This is true because the best interest of the child is paramount to giving full faith and credit to a foreign decree.

The judgment of the trial court is reversed and judgment is here rendered that the application for writ of habeas corpus be in all things denied and that Linda Joyce Rains forthwith deliver Sarannah Elizabeth Rains into the possession and custody of John H. Alston and Joan Alston.

## ON MOTION FOR REHEARING

Appellee Rains asserts in her motion for rehearing that this Court has erred in giving full faith and credit to the Arkansas decree and in holding that the Arkansas guardianship decree was superior to the prior Texas judgment which awarded custody of the minor child to appellee. We have reexamined those issues and are persuaded that our original opinion was correct. However, we again reiterate and strongly point out that this Court has not been called upon to review questions involving the best interest of the child or who is best fit to have custody of the minor child. Those are questions which have been litigated prior to the institution of the habeas corpus proceeding and are matters which may be subject to relitigation in the trial court upon a showing of a substantial change in conditions. We want it made abundantly clear that this Court has not decided that Linda Joyce Rains is incapable of caring for her minor child. That question has not been raised or presented to this Court for review. Many handicapped people are capable of providing adequate care for their minor children as noted in the recent case of *In Re Marriage Of Carney*, 24 Cal.3d 725, 157 Cal.Rptr. 383, 598 P.2d 36 (1979). In an excellent opinion by Justice Mosk, it is stated that sometimes a handicap may well be an asset because " . . . few can pass through the crucible of a severe physical disability without learning enduring lessons in patience and tolerance." The court wisely observes that a handicapped parent is a whole person to the child who needs the parent's affection, sympathy and wisdom to deal with the problems of growing up and that talking to the child and teaching the child might well be the most valuable service a parent can render. The California Supreme Court points out succinctly that " . . . if a person has a physical handicap it is impermissible for the court simply to rely on that condition as prima facie evidence of the person's unfitness as a parent or of probable detriment to the child; rather, in all cases the court must view the handicapped person as an individual and the family as a whole. To achieve this, the

court should inquire into the person's actual and potential physical capabilities, learn how he or she has adapted to the disability and manages its problems, consider how the other members of the household have adjusted thereto, and take into account the special contributions the person may make to the family despite—or even because of—the handicap. Weighing these and all other relevant factors together, the court should then carefully determine whether the parent's condition will in fact have a substantial and lasting adverse effect on the best interest of the child." We agree with the opinion of the California Supreme Court that it is erroneous to presume that a handicapped parent cannot share a meaningful lifelong relationship with his or her minor child. Whether or not the Arkansas trial court inquired into all such matters is not before us for review. The Arkansas decree is final and it must be given full faith and credit by the courts of Texas.

The motion for rehearing is overruled.