Sylvia LUGO, Appellant,

v.

Harry James WADE et al., Appellees.

No. 5509.

Court of Civil Appeals of Texas, Waco.

Feb. 12, 1976.

M. N. Garcia, Austin, for appellant.

Blundell & Moore, O. T. Moore, Jr., Lockhart, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Sylvia Lugo, petitioner, from denial by the trial court of her petition for writ of habeas corpus to secure the possession of her son Mario Richard Lugo.

Sylvia Lugo filed petition for writ of habeas corpus against Harry Wade and his parents Mr. & Mrs. O. J. Wade alleging they had possession of her son Mario Richard Lugo; that petitioner is entitled to possession of her son by virtue of a decree of the 207th District Court in cause 14320; that respondents refuse to return her son to her; and prayed the court order the child brought before the court and after hearing be returned to petitioner.

Defendants answered that they were not parties to the judgment petitioner relied on and are not bound thereby.

Trial before the court without a jury resulted in judgment denying petitioners application for writ of habeas corpus.

Petitioner appeals on 2 points contending:

The trial court erred in denying appellant's writ of habeas corpus because Sec. 14.10 of the Texas Family Code mandates its approval under the facts of this case.

The trial court filed Findings of Fact and Conclusions of Law summarized as follows:

### Findings of Fact

1) Respondents were not parties to the suit which awarded petitioner custody of the minor.

2) This suit is within the purview of the Family Code, and no court has continuing jurisdiction of the minor.

3) The minor was voluntarily left in the custody of Mr. & Mrs. O. J. Wade by the petitioner.

4) The best interest of the minor is that he remain in the home of respondents Mr. & Mrs. O. J. Wade.

### Conclusions of Law

1) Petitioners Writ of Habeas Corpus does not comply with Chapter 11 as required by the Texas Family Code.

2) Petitioner's Writ of Habeas Corpus should be in all things denied.

There is evidence appellant Sylvia Lugo was divorced from Ambrosio Lugo on December 7, 1973 and in such divorce decree was awarded exclusive custody of her son Mario Richard Lugo, born August 27, 1973.

Appellant then began living with Harry Wade. When she left him he refused to allow her to take her son with her, and the child is now in the possession of Harry Wade and his parents Mr. & Mrs. O. J. Wade, who refuse to give appellant possession of her child.

Petitioner testified the child was not in any way related to the respondents. Harry Wade testified he "believed" he was the child's father.

Contention 1 asserts the trial court erred in denying appellant's writ of habeas corpus because Section 14.10 of the Family Code mandates its approval under the facts of this case.

Section 14.10(a) of the Texas Family Code states: "If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds the relator is presently entitled to possession by virtue of the court order."

The judgment of divorce between appellant and her husband awards the care and custody of the child here involved to appellant "exclusively". Such order is unambiguous as to the present right of possession of Mario Richard Lugo by his mother Sylvia Lugo. It is of no significance that respondents herein were not parties to the suit giving appellant custody of her son.

Appellant has custody under a court order. Article 14.10 of the Family Code gives her the clear right to go to court and regain possession of her child solely upon showing of her entitlement under the previous court order. She is not required to fight a custody or paternity battle at that time. Appellees have the option to file a proper lawsuit to attempt to change conservatorship or establish paternity if they so desire, but they cannot litigate such issues in this case.

Appellant's point is sustained. The judgment is reversed and the cause is remanded to the trial court with instructions to enter judgment awarding Sylvia Lugo possession of the minor Mario Richard Lugo.

REVERSED AND REMANDED.