**Norman PRIEST, Appellant,**

v.

**Glenna PRIEST (Calahan), Appellee.**

**No. 5492.**

Court of Civil Appeals of Texas, Waco.

May 20, 1976.

John R. MacLean, C. C. (Kit) Cooke, Cleburne, for appellant.

Hugh B. Higgins, Cleburne, for appellee.

OPINION

McDONALD, Chief Justice.

This case involves the custody of three minor children, Becky Priest age 16, Gwendolyn Priest age 15, and Norman Priest age 12.

Norman Priest and Glenna Priest Calahan, parents of the children were divorced in Johnson County in 1968. The judgment in such case awarded the children to Norman Priest subject to visitation rights by the mother Glenna Priest.

Thereafter, Norman Priest remarried and removed with the children to the state of Kansas. Glenna Priest likewise remarried. In 1973 Glenna Priest Calahan filed a proceeding in Kansas against Norman Priest, seeking to change custody of the children to herself. The Kansas Court after hearing, rendered judgment continuing custody of the children in Norman Priest, subject to visitation rights with the mother. The children visited with their mother in Texas in the fall of 1974, and did not return to their father in Kansas, after completion of this visitation.

On September 12, 1974 Norman Priest filed petition for a Writ of Habeas Corpus against Glenna Priest Calahan seeking possession of his children by virtue of his prior court judgment. This case is number 732–74. The trial court heard testimony from the 3 children in his chambers, but heard no other witnesses. The court rendered judgment on September 17, 1974, denying relief sought by Norman Priest; "provided however, if appropriate proceedings have not been instituted by Glenna Calahan within 30 days from date of entry of this judgment the relief sought by Petitioner shall be granted."

On September 19, 1973 Glenna Calahan filed petition against Norman Priest, alleging a change of conditions, and seeking to

be appointed managing conservator of the 3 children. This case is number 8068–B.

Trial was to a jury which found that there had been a material change of circumstances since the date of the prior custody decree, and that it would now be in the best interest of the 3 children that their custody be changed from their father to their mother.

The trial court on April 18, 1975 rendered judgment on such verdict granting Glenna Calahan custody of the 3 children, and appointing her managing conservator of the children. Norman Priest was granted visitation privileges, and required to pay child support, until each child attained the age of 18.

Norman Priest filed appeal bond on May 16, 1975 purporting to appeal from the "temporary or interlocutory order" in cause 732–74, rendered on September 17, 1974, and from the judgment in cause 8068–B rendered April 18, 1975.

Norman Priest has caused transcript of cause 732–74 and 8068–B to be filed in this court, as well as the Statement of Facts of testimony in cause 732–74 before the trial judge, and Statement of Facts in cause 8068–B.

Norman Priest appeals on 3 points:

1) The trial court erred in not granting Appellant's Writ of Habeas Corpus on September 13, 1974, in that he was entitled to custody of the children under a valid judgment.

2) The trial court erred in not granting the Writ of Habeas Corpus on September 13, 1974 because there was no evidence to show there was a serious immediate question concerning the welfare of the children.

3) The trial court erred in appointing an attorney ad litem to represent the minor children, and allowing the attorney ad litem to make peremptory strikes, question the witnesses, and argue to the jury.

■ We think the September 17, 1974 judgment in cause 732–74 denying Petitioner Norman Priest custody of his three children, which he was entitled to under the judgment of the District Court of Johnson County, and the judgment of the Kansas Court, was error. *Lugo v. Wade*, CCA (Tex.Civ.App., Waco) NWH, 534 S.W.2d 726. We think that such was a final judgment which was appealable. But since Norman Priest did not appeal, and the time for appeal has past, the judgment has become final.

There is no attack on the judgment in cause 8068–B rendered on April 18, 1975.

■ The trial court did not err in appointing an attorney ad litem to represent the children. Section 11.10 Texas Family Code. No harm or violation of any Statute has been shown in allowing the attorney ad litem to make peremptory strikes, question the witnesses and argue to the jury.

All appellant's points are overruled.

Appeal in cause 732–74 is dismissed.

Judgment in cause 8068–B is affirmed.