Dorothy STANDLEY, Relator,

v.

Wells STEWART, Judge, Respondent.

No. B–6022.

Supreme Court of Texas.

June 30, 1976.

Baker & Botts, Sheryl B. Johnson and Robert J. Piro, Houston, for relator.

James T. Mullins, Houston, for respondent.

POPE, Justice.

Dorothy Standley, our relator, seeks a writ of mandamus to compel Judge Wells Stewart, Judge of the Court of Domestic Relations, Number One of Harris County, to vacate his order denying her petition for writ of habeas corpus and to proceed to trial and judgment in accord with Section 14.10 of the Family Code.[1]

A judgment of the Harris County Domestic Relations Court on March 14, 1969, decreed a divorce between relator Dorothy Standley and her former husband, George Haynes. That judgment also decreed that Neal, who was then eight years old, should be placed in the custody of his mother. That decree of custody has never been altered or modified.

On February 6, 1976, Neal voluntarily moved to his father's home. In April the father filed a petition to modify the outstanding custody order and relator was served on April 23. On April 28, Mrs. Standley filed an application for writ of habeas corpus seeking an order for Neal's return to her possession in accord with the

---

1. All statutory references are to the Texas Family Code Ann. (1975).

prior custody decree. The trial of the application for change of managing conservator has not yet been heard. Relator asked for a jury in the modification suit to which she is entitled under the provisions of Section 11.-13 of the Family Code, and she has also insisted that she have the thirty-day notice to which she was entitled under Section 14.08(b). On May 14 the trial court commenced the hearing of the petition for habeas corpus, but over Mrs. Standley's objections, the court treated the hearing as one to modify the prior existing order. The court on that same date denied the prayer for the writ, and expressly recited in its order that it was not acting under Section 14.10(c) of the Family Code.

■ The trial court's method of handling the habeas corpus matter violated Section 14.10, the habeas corpus provision of the Family Code:

§ 14.10   Habeas Corpus

(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that the previous order was granted by a court of another state or nation and that:

(1) the court did not have jurisdiction of the parties; or

(2) the child has been within the state for at least 12 months immediately preceding the filing of the petition for the writ.

(c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

The Legislature in its enactment of the quoted section had as its purpose the avoidance of the kind of procedure employed by the court in this case. The former use of the habeas corpus in child matters opened anew the question of the best interest of the child and permitted the readjudication of the right to possession. The use of habeas corpus as a vehicle for redetermination of the right to possession was precisely what the Legislature intended to change. Marvin W. Jones, *Child Custody Modification and the Family Code,* 27 Bay.L.Rev. 725 (1975); Eugene L. Smith, *Texas Family Code Symposium,* 5 Tex.Tech.L.Rev. 435–436 (1974). The Legislature intended to demand obedience to existing court orders and to compel that obedience by habeas corpus proceedings. Section 14.10(b) provides that a modification of an outstanding order should not be entertained in a habeas corpus action except in two instances which do not here exist. The Section makes allowance for temporary emergency orders which the judgment of the trial court in this instance recites is not the basis for the court's action. *See, Page v. Sherrill,* 415 S.W.2d 642 (Tex.1967).

The trial court by ignoring Section 14.10 has returned the matters of possession and conservatorship of children to the kind of self-help that the Legislature, by forceful language, intended to prevent. The court by denying the habeas corpus employed a procedure which effectually transferred the possession of the child and changed the right of conservatorship in disregard of the statutory procedure.

■ This court has jurisdiction to issue its mandamus when a court acts beyond its power and jurisdiction and when by so acting it vacates or changes a final adjudication. *McHone v. Gibbs,* 469 S.W.2d 789 (Tex.1971).

The order of the trial court that denied the writ of habeas corpus is set aside and the trial judge is directed to proceed to trial and judgment enforcing the outstanding orders of the Court of Domestic Relations Number One of Harris County concerning possession and conservatorship as provided by the provisions of Section 14.10 pending the trial of the modification hearing pursuant to Section 14.08. The clerk of this court

is directed to issue a writ of mandamus containing a copy of the foregoing order to the Honorable Wells Stewart, District Judge, if, and only if, he fails or refuses to comply with the terms of the order.