**Margaret Nelson FOUNTAIN, Appellant,**

v.

**Carl O. NELSON, Jr., Appellee.**

**No. 7904.**

Court of Civil Appeals of Texas, Beaumont.

Jan. 6, 1977.

Murray L. Lieberman, Houston, for appellant.

Michael S. Thorne, Houston, for appellee.

KEITH, Justice.

Margaret Nelson Fountain, our appellant, has perfected her appeal from a judgment of the Juvenile Court of Harris County which, among other things, modified a former decree governing the custody of a minor child.

On September 26, 1972, a divorce decree was entered in the Juvenile Court of Harris County (Cause No. 914,418) and appellant was appointed managing conservator of the minor child born to the parties (Carl O. Nelson, III, hereinafter "Trey"). The order named appellee, Carl O. Nelson, Jr., possessory conservator of Trey and permitted specific weekend and summer visitation as well as holiday visitation. It further provided for additional visitation " 'at such other times as is mutually agreeable between the parties.' "

Appellant subsequently moved to Durant, Oklahoma; and, according to appellant's version of the matter, she permitted appellee liberal visitation periods during the summer of 1975 to make up for his lack of visitation during the coming school year beginning shortly after August 20, 1975.

On April 25, 1975, appellee filed his motion to modify the prior parent-child relationship under the provisions of Tex. Family Code Ann. § 14.08. Other than conclusory allegations, the only factual basis for such relief is that the appellant-mother had voluntarily left Trey with him for a total period of sixty-three weeks since the entry of the decree and that she was contemplating a move from Oklahoma to Florida. This suit bore Cause No. 1,023,606.

Our record does not show when, if ever, service was had upon appellee's motion to modify the relationship. On or about September 2, 1975, appellant filed her petition for the writ of habeas corpus, alleging that she was the managing conservator of said child by virtue of the unmodified earlier divorce decree; that while appellant had obtained possession of the child by agreement, he refused to permit the child to return to its mother (appellant) so that he could be placed in school in Oklahoma. She sought the entry of an order directing appellee to deliver such child to her in accordance with the prior decree. Upon presentation to the court, a show cause was ordered commanding the production of the child on September 29, 1975.

Apparently, appellee caused service to be had upon his motion to modify since appellant filed, on September 15, 1975, a general denial followed by a plea in abatement invoking the provisions of Tex. Family Code Ann. § 14.10.

According to the recitals in the decree, appellant's petition for the writ of habeas corpus was denied, and all pending proceedings were consolidated into appellee's proceeding seeking modification of the parent-child relationship.

This proceeding was tried to a jury which was unable to agree and a mistrial was declared. Subsequently, the parties agreed that the trial judge could consider the evidence offered in the jury trial and render judgment. This was done and the appellant-mother was denied all relief while the appellee-father procured the entry of a judgment appointing him managing conservator of the child, fixing appellant's visitation rights, etc., from which she has appealed asserting a multitude of errors in nine points.

In her first point of error, appellant contends that she is entitled to a reversal of the judgment and a remand of the cause because the trial court did not file findings of fact and conclusions of law after due request was made. We find no merit to this point.

Judgment was entered following a non-jury trial, on May 6, 1976, and appellant filed her request for findings of fact and conclusions of law the next day. Thereafter, on June 7, 1976, she filed her second request for such findings and conclusions; but, our record shows only that the second request was filed with the clerk and was placed among the papers in the cause and is included in our transcript.

There is no showing that this second request was called to the attention of the court, as required in Tex.R.Civ.P. 297. The language in the rule relating to the second request requires that the demanding party "call the omission to the attention of the judge" and it has been held: "The mere filing of a request with the clerk does not satisfy the statute." *Ross v. Odom*, 88 S.W.2d 1053 (Tex.Civ.App.—Austin 1935, no writ), construing the predecessor statute. This language was quoted with approval in *Birdwell v. Pacific Finance Corp.*, 259 S.W.2d 957, 958 (Tex.Civ.App.—Dallas 1953, no writ), construing the present rule. See also, *Dicker v. Security Insurance Company*, 474 S.W.2d 334, 335 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.); *Zaruba v. Zaruba*, 498 S.W.2d 695, 697–698 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd).

We find in our transcript an instrument labeled "Bill of Exceptions" which recites the facts set out earlier, that is, the filing of the original request and of the second request and that no action was taken on either request. This instrument recites that appellant excepted to the omission and concludes: "It is REQUESTED that the foregoing bill of exceptions be approved" and is signed by appellant's counsel. The certificate of service shows that adverse counsel received a copy thereof, but there is no showing that the trial judge ever saw the instrument or had knowledge of its filing.

■ A bill of exception properly prepared and placed of record will serve to preserve the error. *Spradlin v. Rosebud Feed & Grain Co.*, 294 S.W.2d 301, 302 (Tex.Civ.App.—Waco 1956, writ ref'd n. r. e.); *Parkview General Hospital, Inc. v. Ashmore*, 462 S.W.2d 360, 369–370 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.).

■ But, an examination of the instrument shows that it fails to comply with the provisions of Tex.R.Civ.P. 372 relating to bills of exception. In *Goodpasture v. Coastal Industrial Water Authority*, 490 S.W.2d 883, 885 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.), the Court refused to consider a similar bill, saying: "A bill of exceptions that is not approved by either the trial judge or opposing counsel, and is not a bystanders' bill, presents nothing for appellate review." (citations omitted) So it is here and point one is overruled.

■ Appellant's second point of error reads:

"That the trial court committed error in failing to grant the Appellant's application for Writ of Habeas Corpus and ordering a return of the child to the Appellant pending a trial on the merits of Appellee's motion to appoint him managing conservator."

We agree and reverse the judgment of the court below and direct the entry of an order granting the writ of habeas corpus and delivery of said child to appellant.

Although the judgment in this cause was entered on May 6, 1976, the statutory provisions governing the disposition of appellant's motion for the writ of habeas corpus were plain long before that date. Several weeks after the entry of the judgment in this cause denying appellant's application for the writ of habeas corpus, Justice Pope spoke for a unanimous court in *Standley v. Stewart*, 539 S.W.2d 882, 883 (Tex.1976), saying:

"The Legislature in its enactment of the quoted section [§ 14.10, Family Code] had as its purpose the avoidance of the kind of procedure employed by the court in this case. The former use of the habeas corpus in child matters opened anew the question of the best interest of the child and permitted the readjudication of the right to possession. *The use of habeas corpus as a vehicle for redetermination of the right to possession was precisely*

*what the Legislature intended to change.*
[citations omitted] The Legislature intended to demand obedience to existing court orders and to compel that obedience by habeas corpus proceedings. Section 14.10(b) provides that a modification of an outstanding order should not be entertained in a habeas corpus action except in two instances which do not here exist." (emphasis supplied)

It is clear and certain that the trial court erred in refusing to order the peremptory return of the child to appellant and further erred in entertaining appellee's motion to modify the parental relationship after denial of the application for the writ of habeas corpus.

The trial court, in this instance, has accomplished what is clearly contrary to the statutory wording, a reinstatement of the practice of sponsoring "a race to the courthouse by the non-possessory local parent seeking to use the recent presence of child in this state as the means to relitigate the issue adjudicated by the court of another state." *In Interest of Kamont,* 537 S.W.2d 86, 89 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.).

We consider *Standley* and *Kamont* dispositive of the question now presented. So holding, we reverse the judgment denying the application for the writ of habeas corpus and direct the trial court to enter such order unless its jurisdiction is invoked by a pleading under subsection (c), § 14.10, Tex. Family Code Ann.

We do not find it necessary to consider the remaining points brought forward by appellant.

REVERSED and REMANDED with instructions.

STEPHENSON, J., not participating.