Nancy Kay (Smith) TRADER, Relator,

v.

Honorable James F. DEAR, Jr., Respondent.

No. B-7340.

Supreme Court of Texas.

April 26, 1978.

London & Stokes, Joe Daniel Stokes, III, Austin, for relator.

Kent M. Rider and Jo Betsy Lewallen, Austin, for respondent.

## MANDAMUS

POPE, Justice.

Nancy Smith Trader and John Smith were divorced in Harris County in September 1976, and Nancy was awarded managing conservatorship of their daughter, Shannon Marie. On August 3, 1977, Nancy and John Smith signed an agreement by which Nancy agreed that John, who lives in Austin, Travis County, would have the temporary custody of Shannon and act as managing conservator for a period of one year, with an automatic month to month extension until either party gave notice in writ-

ing to the other of the cancellation of the agreement. The agreement recited that the arrangement for the temporary custody was in the best interest of Shannon.

Nancy Trader, the mother, agreed to the change of the managing conservatorship because she was planning to go to Singapore for a year. She returned to Austin, however, on January 13, 1978, after she failed to receive reports on Shannon's progress. Four days later, upon John's refusal to surrender Shannon, Nancy instituted habeas corpus proceedings in Travis County. The trial judge of the 126th District Court of Travis County on January 19, 1978, denied the petition for habeas corpus. The court's order recited that there was then pending in both the original court of Harris County and also in Travis County a motion for the change of custody from Nancy to John Smith and "that it is in the best interest of Shannon Marie Smith that the custodial status quo be maintained until further order of this Court or the Court of Domestic Relations Number One of Harris County, Texas." Nancy Trader now seeks a mandamus ordering the trial judge to grant the habeas corpus.

This is another case in which the trial court has failed to recognize the legislative scheme that the court of continuing jurisdiction is the one that has the exclusive power to reexamine its prior order which evaluated the best interest of the child. The Legislature by enacting the Family Code adopted a scheme for handling parent-child matters in a manner that avoids forum shopping, races to the courthouse, child snatching, and the harassment of a parent by the other parent's filing suits in random courts.

■ The first inquiry in any action concerning a modification of parent-child orders is that of jurisdiction. Section 11.05(a) of the Family Code is explicit in fixing the continuing jurisdiction of a court:[1]

Except as provided in Subsections (b), (c), and (d) of this section, when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child, *and no other court has jurisdiction of a suit affecting the parent-child relationship* with regard to that child except on transfer as provided in § 11.06 of this code. [Emphasis added.]

■ The Court of Domestic Relations Number One, of Harris County, acquired jurisdiction over Shannon Smith in the divorce suit in which a final decree was rendered on September 27, 1976. That court is the one that had the continuing exclusive jurisdiction over Shannon, and all other courts of Texas are required to respect its jurisdiction. *See* Koons, *Jurisdiction, Venue, and Transfers in Suits Affecting the Parent-Child Relationship (Where All Parties Reside in Texas),* 9 Tex.Tech.L.Rev. 243, 244–48 (1978).

■ Section 14.10 of the Family Code was designed to overrule that body of law which previously permitted a habeas corpus proceeding to put in issue anew the right to custody. Smith, *Commentary on Title Two, Texas Family Code,* 5 Tex.Tech.L.Rev. 389, 435–36 (1974). The section changed the rule applied in *Herrera v. Herrera,* 409 S.W.2d 395 (Tex.1966), and similar cases in which habeas corpus placed in issue the best interest of the child.

■ The habeas corpus proceeding under the Family Code may be filed in the courts of any county in which the child is found, as well as in the court of continuing jurisdiction, to enforce an outstanding order. *McElreath v. Stewart,* 545 S.W.2d 955 (Tex. 1977); *Ex parte Jabara,* 556 S.W.2d 592 (Tex.Civ.App.—Dallas 1977). Its purpose is to uphold the order of the court of continuing jurisdiction. Section 14.10 of the Family Code clearly expresses that purpose:

---

1. There are exceptions which are not here applicable. Tex.Fam.Code Ann. § 11.05(b)–(d) & § 11.06.

§ 14.10 Habeas Corpus [2]

(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that:

(1) the previous order was granted by a court that did not have jurisdiction of the parties; or

(2) the child has not been in the relator's possession and control for at least 6 months immediately preceding the filing of the petition for the writ.

(c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

■ Two features of this present case differ from those which this court has already decided: (1) the Travis County trial court recognized that the court in Harris County had continuing jurisdiction and was the one which should reexamine the best interest of Shannon, but nevertheless, made temporary orders based on the child's best interests, and (2) the change in Shannon's possession from the mother to the father resulted from the parents' agreement. Neither distinction is a sound legal basis for altering the legislative scheme for orderly disposition of these cases by the court that has continuing jurisdiction.

■ The court of continuing jurisdiction, so long as it has exclusive jurisdiction, is the one that also makes the temporary orders pending the trial on the merits about modification of the prior order. Tex.Fam. Code Ann. § 11.11. Otherwise, we revert to the practice by which several courts are simultaneously making temporary and final orders about the same child.

■ After the Harris County court rendered its order in 1976, the parents made the agreement by which the mother permitted the father to have Shannon on a temporary basis. Our question is whether the parents' agreement ousted the jurisdiction of that court which had continuing jurisdiction. We hold that it did not. 59 Am. Jur.2d *Parent and Child* § 33 (1971); 67 C.J.S. *Parent and Child* § 11d(3), at 645–46 (1950). When, as in this case, there is an agreement, but the parents have again fallen into disagreement, it is the court of continuing jurisdiction that must become the final arbiter about the managing conservatorship. "Unfortunately, experience has shown that the question of custody, so vital to a child's happiness and well-being, frequently cannot be left to the discretion of parents." *Ford v. Ford*, 371 U.S. 187, 193, 83 S.Ct. 273, 277, 9 L.Ed.2d 240 (1962). We have previously enforced the prior order of the court that had continuing jurisdiction in instances in which the parents had voluntarily relinquished a child. *Saucier v. Pena*, 559 S.W.2d 654 (Tex.1977); *Lamphere v. Chrisman*, 554 S.W.2d 935 (Tex.1977).

Our holding that a parental agreement does not defeat a court's continuing jurisdiction does not mean that the agreement has no significance. Many students of the parent-child relations make valid arguments that such matters as access, the details of visitation, and child rearing are often better resolved by responsible parents than by courts. Mayo, *Access—Child's Right or Parents' Privilege? Should Court or Custodian Decide?*, 5 Anglo Am.L.Rev. 111, 123–27 (1976). The endless number of details incident to child rearing, the court's lack of time and its crowded docket, the court's lack of supervisory personnel, the inability to predict the future, and the advantages of resolving matters without the expense of court hearings, justify responsible parental arrangements, and we do not discountenance them nor declare them void.

---

**2.** Subsection (b)(1) is not applicable in this case and the trial judge expressly found that the 6 months provision of (b)(2) did not apply.

 A voluntary arrangement between the parties is a matter which a court should take into consideration in deciding who should be the managing conservator and whether an existing order should be changed. That does not mean, however, that any available court may intervene to make that decision. The court which is the court of continuing jurisdiction is the only court that should make the determination. The jurisdiction of the court of continuing jurisdiction should not be interrupted, interferred with or divided by interim modification orders by other courts. When this cause was first brought to the attention of the district court of Travis County and it determined, as it did, that the Harris County District Court had continuing jurisdiction, it should have peremptorily granted the habeas corpus to protect and enforce the jurisdiction of the court of continuing exclusive jurisdiction. By such an order, the court of continuing jurisdiction could have more promptly made both temporary and final orders in the best interest of the child. *Saucier v. Pena*, 559 S.W.2d 654 (Tex.1977); *Lamphere v. Chrisman*, 554 S.W.2d 935 (Tex.1977); *McElreath v. Stewart*, 545 S.W.2d 955 (Tex.1977); *Standley v. Stewart*, 539 S.W.2d 882 (Tex.1976). Jones, *Child Custody Modification and the Family Code*, 27 Baylor L.Rev. 725 (1975); Smith, *Commentary on Title Two, Texas Family Code*, 5 Tex.Tech.L.Rev. 389, 435–36 (1974).

It is assumed that Judge Dear will vacate his order denying Nancy Trader's application for habeas corpus and that he will grant the requested writ. A writ of mandamus will issue only if he declines to do so. Pursuant to Rule 515, Texas Rules of Civil Procedure, no motion for rehearing will be entertained.

Concurring opinion by DANIEL, J.

**DANIEL, Justice, concurring.**

I am compelled to concur in the opinion of the Court because the Legislature has enacted a law which, under the circumstances of this case, compels the trial court to grant the writ of habeas corpus without regard to the best interests of the child.[1]

It is obvious from the number of cases which have reached us on this same point that numerous members of the bar and trial judges have either overlooked Section 14.10 of the Family Code, effective January 4, 1974, or have chosen to ignore it.[2] The same is true to some extent with reference to Section 11.05(a) of the Family Code, which, subject to stated exceptions, provides that the original court acquiring jurisdiction of a parent-child relationship shall retain continuing jurisdiction and that "no other court has jurisdiction of a suit affecting the parent-child relationship" except upon transfer as provided in Section 11.06 of the Code.

Even a court of continuing jurisdiction, however, is bound by the mandatory language of Section 14.10. It must grant a writ of habeas corpus for the delivery of possession of a child in accordance with an existing court order without any delay for separate or simultaneous consideration of a pending motion for modification of the existing custody order and without consideration of the best interests of the child. *McElreath v. Stewart*, 545 S.W.2d 955 (Tex. 1977); *Standley v. Stewart*, 539 S.W.2d 882 (Tex.1976). There are certain exceptions which are set forth in Section 14.10 and in the Court's opinion this day handed down in *Strobel v. Thurman*, 565 S.W.2d 238 (Tex. 1978).[3]

1. Section 14.10 of the Texas Family Code, which is quoted in the Court's opinion.

2. See, in addition to this case, *Strobel v. Thurman*, 565 S.W.2d 238 (Tex.1978); *Robertson v. Hazlett*, 21 Tex.Sup.Ct.J. 23 (Oct. 22, 1977); *Saucier v. Pena*, 559 S.W.2d 654 (Tex.1977); *Lamphere v. Chrisman*, 554 S.W.2d 935 (Tex. 1977); *McElreath v. Stewart*, 545 S.W.2d 955 (Tex.1977); *Standley v. Stewart*, 539 S.W.2d 882 (Tex.1976). See also *Ex Parte Jabara*, 556 S.W.2d 592 (Tex.Civ.App.1977); *Fountain v. Nelson*, 546 S.W.2d 102 (Tex.Civ.App.1977, no writ); *Lugo v. Wade*, 534 S.W.2d 726 (Tex.Civ. App.1976, no writ); *Clayton v. Newton*, 524 S.W.2d 368 (Tex.Civ.App.1975, no writ).

3. The principal exception which would seem to apply to the facts of some of the cases which have reached us, but which has seldom been

238

It is understandable that some trial judges are slow to disregard the best interest of the child in any child custody proceeding, especially if they have not studied the important mandatory change made by the Legislature when it enacted Section 14.-10 of the Family Code. For many years prior to that time the best interest of the child was the paramount consideration in both original child custody cases and habeas corpus proceedings relating thereto. *Herrera v. Herrera,* 409 S.W.2d 395 (Tex.1966); *Hendricks v. Curry,* 401 S.W.2d 796, 802 (Tex.1966); *Mumma v. Aguirre,* 364 S.W.2d 220 (Tex.1963); *Knollhoff v. Norris,* 152 Tex. 231, 256 S.W.2d 79, 81–82 (1953); *Duckworth v. Thompson,* 37 S.W.2d 731 (Tex.Com.App.1931); *Legate v. Legate,* 87 Tex. 248, 28 S.W. 281 (1894).

Many changes in child custody proceedings were made in the Family Code. Perhaps Section 14.10 is one of the most harsh, far-reaching and difficult for some trial judges to apply. A study of some of the cases which have reached this Court will show that some decisions have been compelled by the statute which were not in the best interests of the children. However, the statute is clear and definite. It should be studied and followed by the courts until and unless it is changed by the Legislature. In this connection, it has been suggested that the Legislature might well consider an amendment which would permit the court of continuing jurisdiction to give paramount consideration to the welfare and best interest of the child by consolidating hearings on writs of habeas corpus and any pending cross actions or motions for change of custody.

used in such cases, is in Subsection 14.10(c), which provides: "The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child."