Joan Marion STROBEL, Relator,

v.

Honorable Mace B. THURMAN, Jr., Respondent.

No. B–7346.

Supreme Court of Texas.

April 26, 1978.

David L. Shapiro, Austin, for relator.

Charlie L. Smith, Austin, for respondent.

POPE, Justice.

Joan Marion Strobel seeks a mandamus ordering the trial judge to grant a writ of habeas corpus ordering her former husband, Walter H. Strobel, to surrender their child, David Strobel, to her. We conditionally grant the writ of mandamus.

Mr. Strobel concedes that an Indiana court awarded custody of David, age 13, to Mrs. Strobel by a divorce decree entered on June 19, 1976. David arrived in Austin on December 16, 1977, from Massachusetts, where he was living with his mother. His father had sent him an airplane ticket for the trip. On that same day, Mr. Strobel filed in the District Court of Travis County, Texas, a motion to modify the Indiana custody decree. Mr. Strobel also concedes that David had not been out of Mrs. Strobel's possession more than six months. For these reasons, under section 14.10, Family Code,[1] the original court's jurisdiction over David was not interrupted.

Mrs. Strobel filed an application for writ of habeas corpus in the Texas court where the father had filed his motion to modify the decree of the Indiana court. At the hearing on Mrs. Strobel's habeas corpus, Mr. Strobel asked the court to make appropriate temporary custody orders during the time before his own petition for modification of that Indiana decree was set for hearing in Texas. The court, after a brief hearing and a private interview with the child in chambers, denied the mother's application for writ of habeas corpus in these words:

> The Court, having examined the pleadings and heard the evidence and argument of Counsel, finds it to be in the best interest of the child that the application for Writ of Habeas Corpus be, and the same is hereby denied.

The Family Code changed the earlier practice in Texas by which habeas corpus was used as a vehicle to relitigate custody. *Trader v. Dear*, 565 S.W.2d 233 (Tex.1978); *Saucier v. Pena*, 559 S.W.2d 654 (Tex.1977); *Lamphere v. Chrisman*, 554 S.W.2d 935 (Tex.1977); *McElreath v. Stewart*, 545 S.W.2d 955 (Tex.1977); *Standley v. Stewart*, 539 S.W.2d 882 (Tex.1976). Jones, *Child Custody Modification and the Family Code*, 27 Baylor L.Rev. 725 (1976); Smith, *Commentary on Title Two, Texas Family Code*, 5 Tex.Tech L.Rev. 389, 435–36 (1974).

■ The Code restored the writ of habeas corpus to its purpose as an ancient common law writ. As such, it is a ready means for deliverance of a child from unlawful detention. It has often been termed the Great Writ. Its special value comes not only from its purpose, but also from the speed and simplicity with which it may and should be employed.

■ Mrs. Strobel proved the existence of a valid outstanding order, and upon the basis of that proof it was the duty of the Texas court that heard the application for habeas corpus to enforce the mandate of the existing court order rather than go behind or ahead of it. The Legislature has established a system by its enactment of the Family Code which compels the respect for a court's existing order and for its continuing jurisdiction. Upon proof of the prior order, absent dire emergency which is not here urged and which under the facts proved does not exist, the grant of the writ should be automatic, immediate, and ministerial. The writ should be granted upon proof of the bare legal right to possession. Section 14.10.

There are some exceptions to this use of the remedy. A writ may be denied if the prior order "was granted by a court that lacked jurisdiction," section 14.10(b)(1), "if the child has not been in the relator's possession for at least 6 months," section 14.-10(b)(2), "if there is a serious immediate question concerning the welfare of the child," section 14.10(c), or "if the right to possession of a child is not governed by a court order." Section 14.10(e). None of those exceptions exist in this case.

The father suggests that there may be a serious question concerning the welfare of the child because of his threat to run away

---

1. All statutory references are to Tex.Fam.Code Ann., as amended.

**240**

from home. The court's order was not placed on that ground, and the brief record does not show any serious immediacy for a disregard of the Indiana decree. In *McElreath v. Stewart*, 545 S.W.2d 955 (Tex.1977), we had a similar situation and substantially the same facts. The child in *McElreath* did not want to live with his mother who made him angry, gave him responsibilities, and nagged him. In *McElreath*, this court explained the nature of the seriousness which would justify disregard for a court order. It was that of a child who was in such imminent danger of physical or emotional harm that immediate action was necessary to protect the child. *McElreath v. Stewart, supra*, at 958; *Page v. Sherrill*, 415 S.W.2d 642, 645 (Tex.1967).

It is assumed that Judge Thurman will vacate his order denying Joan Marion Strobel's application for habeas corpus and that he will grant the requested writ. A writ of mandamus will issue only if he declines to do so. Pursuant to Rule 515, Texas Rules of Civil Procedure, no motion for rehearing will be entertained.

Concurring Opinion by DANIEL, J.

DANIEL, Justice, concurring.

I concur for the reasons stated in my concurring opinion in *Trader v. Dear*, B–7340, 565 S.W.2d 233 (Tex.1978).

The courts of this State are compelled to follow and apply the clear and mandatory language adopted by the Legislature in Section 14.10 of the Family Code. The concurring opinion in *Dear, supra*, suggests consideration by the Legislature of an amendment which would permit courts of continuing jurisdiction to consider the best interest of the child by consolidating habeas corpus hearings with pending motions for modification of existing child custody orders.