**Janeann GRIMES, Relator,**

v.

**Honorable Romeo FLORES, Respondent.**

**No. 04–86–00271–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 1, 1986.

William A. Dudley, Corpus Christi, for relator.

Jack B. Peacock, Jr., Falfurrias, Raul E. Guerra, San Antonio, for respondent.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

PER CURIAM.

Once again this Court has before it the matter of possession of relator's children, Jennifer Grimes and Julie Grimes. The material facts are straightforward.

On August 29, 1986, this Court granted Janeann Grimes' motion for writ of mandamus, and ordered the Honorable Romeo Flores, 79th Judicial District Judge to:

1. Grant the Writ of Habeas Corpus prayed for by Relator and thereby return possession of the children, Jennifer and Julie Grimes, to their managing conservator, the Relator, Janeann Grimes,

2. Defer any further actions involving conservatorship of Jennifer and Julie Grimes to the courts of the State of Illinois or to the state of the residence of the Relator, and

3. Return the Writ on or before September 12, 1986, stating how he executed and complied with the Writ.

*See Grimes v. Flores,* 717 S.W.2d 949 (Tex.App.—San Antonio 1986, mand. overr.)

On September 11, 1986, Judge Flores signed an order granting Janeann Grimes' Writ of Habeas Corpus returning possession of the children to her. He further ordered that any action involving conserva-

torship of the children be deferred to the courts of the State of Illinois. However, he failed to return this Court's writ by September 12, 1986.

On September 16, 1986, Janeann Grimes filed with this Court a motion to enforce compliance with the writ of mandamus arguing that Judge Flores had not complied with the August 29 order. We ordered Judge Flores to appear and show cause why he should not be held in contempt for failing to return the writ. Inasmuch as Judge Flores has now filed the return, the Court will not hold him in contempt.

However, since the children still have not been returned to their mother, we must address the question of whether Judge Flores has fully performed his duty under the law. At oral argument the attorneys of record for Judge Flores and for Joe Grimes acknowledged that Judge Flores ordered the return of the children to their mother. The relator's contention is that inasmuch as the children have not been returned and the court has failed to take any steps to effect such return, Judge Flores has not complied with the writ of mandamus issued by this Court.

This matter is governed by section 14.-10(a) of the Texas Family Code which states:

If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if, and only if, it finds the relator is presently entitled to possession by virtue of the court order.

A valid order existed entitling Janeann Grimes to present possession of her children. The only question is whether, under the facts here, Judge Flores compelled the children's return to the relator by merely signing an order granting relator possession.

It has been said that the term "possession" in section 14.10(a) means physical possession and control of the child by the relator. *Klein v. Cain,* 676 S.W.2d 165, 171 (Tex.App.—Amarillo 1984, no writ). It

has also been held that the writ provided in this section:

is a ready means for deliverance of a child from unlawful detention. It has often been termed the 'Great Writ.' Its special value comes not only from its purpose, but also from the speed and simplicity with which it may and should be employed.

*Strobel v. Thurman,* 565 S.W.2d 238, 239 (Tex.1978).

Judge Flores signed his order in chambers. At that time, all interested parties and the children were in the courtroom. The sheriff was called and told to maintain the peace while the children were transferred from their father to their mother. While the judge remained in chambers, relator attempted to take possession of her children. Joe Grimes and other family members refused to release the children. Pandemonium broke out and at least one person was arrested. When relator's attorney returned to chambers and requested the judge to preside over the transfer, he refused. Thus, even though he could have easily given relator actual physical possession of her children, he did not.

It is undisputed that the children have not been returned to their mother. Under section 14.10(a) of the Texas Family Code, Judge Flores' duty is clear. The law dictates he see to it that Janeann Grimes obtains actual physical possession of her children. Inasmuch as he was requested to effect the transfer of the children and under these facts could easily have done so, this Court finds that Judge Flores has failed to fully perform his duty.

Judge Flores argues that he is caught on the horns of a dilemma. The dilemma supposedly arises from an ex parte order issued by an Illinois court granting temporary custody to Joe A. Grimes. Within minutes of signing the order granting possession to Janeann Grimes, Judge Flores was given a copy of the Illinois ex parte order. Judge Flores contends that in light of the Illinois order, the only way he could fully comply with this Court's writ was to

sign the order granting the relator possession and then refuse to enforce his order in apparent deference to the Illinois court. Even if this argument had merit, the Court may not consider it since there is no evidence of the order in the record.

While this Court does not find respondent in contempt for failing to timely make return of its August 29 writ, it finds that under the facts of this case, the respondent has not fully performed his duties as required by law. Pursuant to a writ issued by this Court, he is ordered to perform his duty and compel the return of relator's children.