Kenneth Peter KELLOGG, Appellant,

v.

Molly Epperly KELLOGG, Appellee.

No. 8515.

Court of Civil Appeals of Texas, Texarkana.

Nov. 22, 1977.

Mary D. McKnight, Carden, McKnight & Hundley, Dallas, Sharon R. Smith, Sherman, Buck & Smith, Dallas, for appellant.

Reba G. Rasor, Raggio & Raggio, Inc., Donald R. Smith, Dallas, for appellee.

ODEN, Justice.

The appeal is from the order entered on January 13, 1976, in a habeas corpus proceeding instituted under Section 14.10(a), Texas Family Code. Molly Epperly Kellogg, the mother, was found to be the person presently entitled to possession of the parties' minor children by virtue of a court order entered by the Superior Court of Fairfield County, Connecticut, on December 21, 1976. Kenneth Peter Kellogg, the father, asserts that, under Connecticut law, the Connecticut court was without jurisdiction to enter the order and, in any event, the mother was not entitled to possession of the children by virtue of the order inasmuch as he had appealed therefrom.

On December 5, 1975, the father, who was then in possession of the parties' minor children, filed an application for writ of habeas corpus in the Superior Court of Fairfield County, Connecticut, praying that the court make such order concerning the custody of the children as would be in their best interests. The mother was directed to appear before the court on December 9, 1975, to show cause why custody of the minor children should not be granted to the father. A judgment, based in part on an agreement entered into between the parties hereto, was entered on December 9, 1975, under the terms of which the father was awarded possession of the parties' minor children. The judgment provided, inter alia, that, "The plaintiff shall not maintain his home with the children more than seventy-five miles from Times Square, in New York City without written consent of the defendant, . . . ." The father, without having first obtained the mother's consent, defied the court order by moving to Texas on June 7, 1977, whereupon the mother filed a motion in the Connecticut court to enforce the judgment previously entered or to punish the father for contempt or to change custody of the parties' minor children. The motion was docketed under the same cause number as that of the judgment entered December 9, 1975. A special appearance was filed on behalf of the father by his attorney whereby jurisdiction over his person and the subject matter was questioned. It was overruled and the father entered a general appearance and requested the court to ratify his unauthorized move. This motion was overruled. The father further requested that an examination be made of the health of the mother and that the domestic relations office conduct a custody study. This motion was granted and the domestic relations office recommended that custody of the minor children be awarded to their mother. On December 7, 1976, the Connecticut court adjudged the father to be in contempt, directed him to return the children to the custody of court by December 21, 1976, and ordered that custody of the children would be changed if he failed to appear as directed. Neither the father nor the children were present at the hearing conducted on December 7, 1976, by the Connecticut court, however, the father was represented by counsel. This order was likewise disobeyed by the father and, as promised, the Con-

necticut court entered a judgment on December 21, 1976, under the terms of which the mother was awarded custody of the parties' minor children.

An application for writ of habeas corpus was filed in the Domestic Relations Court No. 4 of Dallas County, Texas, on December 30, 1976, by the mother. The father, by his own admission in court, deliberately avoided service of the writ whereupon a writ of attachment was issued by the Texas court on January 11, 1977. The hearing on the application for writ of habeas corpus was held on January 13, 1977. The father and minor children appeared. An exemplified copy of the Connecticut court proceedings was admitted into evidence without objection. The father testified. All factual matters referred to herein, including those relating to the father's disobedience of the Connecticut court order and avoidance of the service of the writ in Texas, were admitted by the father. During the trial the father requested the court to take judicial notice of Connecticut laws pursuant to Rule 184a, Tex.R.Civ.P., and offered to furnish the judge with copies of what he considered to be the relevant statutes and cases of the State of Connecticut. The request was denied evidently because the court did not feel like it was timely made. The Texas court ordered the father to return the children to the mother.

Section 14.10(a), Texas Family Code, provides:

"If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order."

The foregoing requires a Texas court to give the same credit, validity and effect to another state's judgment governing possession of a child as such judgment would receive in the state where rendered. It is, with respect to child custody, a Texas statutory rendition of the full faith and credit requirements of Article IV, Sec. 1 of the United States Constitution. The mother by introducing a duly authenticated copy of the judgment of the Connecticut court established a prima facie case for its recognition and enforcement in Texas. *McCarty v. Walker*, 538 S.W.2d 861 (Tex.Civ.App. Texarkana 1976, no writ). The only defenses available to the father in this case were to either show that the Connecticut court lacked jurisdiction to enter the judgment of December 21, 1976, or that the effect of the judgment did not entitle the mother to possession of the children. He asserted both.

 The father contends that he was not subject to the jurisdiction of the Connecticut court because the laws of the State of Connecticut do not provide for continuing jurisdiction in child custody cases and neither he nor his children are domiciliaries of the State of Connecticut. It is clear that a Texas court, when asked to give full faith and credit to another state's judicial proceedings, cannot collaterally inquire into the jurisdiction of such other state where the party resisting enforcement of the foreign judgment appeared in the foreign proceedings. In this case the father appeared in the Connecticut proceedings and unsuccessfully litigated the question of jurisdiction. He therefore had no right to re-litigate the jurisdictional issue in Texas. *Sherrer v. Sherrer*, 334 U.S. 343, 68 S.Ct. 1087, 1097, 92 L.Ed. 1429 (1948); *Layton v. Layton*, 538 S.W.2d 642 (Tex.Civ.App. San Antonio 1976, writ ref'd n. r. e.). The refusal of the trial court to take judicial notice of the laws of the State of Connecticut relating to jurisdiction cannot be reversible error because the Texas court could not collaterally inquire into the jurisdiction of the Connecticut court.

██ It is asserted by the father in his brief that he appealed the judgment of December 21, 1976, entered by the Connecticut court and that under Connecticut law execution thereon would be stayed pending appeal. The assertion is not supported by the record. The exemplified copy of the Connecticut court proceedings introduced by the mother does not reflect that the father appealed the judgment of December

21, 1976, awarding the mother possession of the parties' minor children. If the father did in fact appeal the judgment, he should have taken some action toward introducing evidence supportive of this allegation in the trial court and made certain that such evidence was before this court as either a part of the statement of facts or a bill of exceptions. There is no basis in the record for this Court to determine that the Connecticut judgment of December 21, 1976, was appealed. We must assume in absence of evidence to the contrary that the judgment was not appealed and that it was a final judgment. The issue of whether or not Connecticut law provides that execution on a judgment in a child custody case is stayed pending appeal is only material if there is an appeal. Since we could not determine from the record that the father appealed the judgment entered by the Connecticut court on December 21, 1976, the trial court did not commit reversible error in refusing to take judicial notice of the law of the State of Connecticut relating to the parties' rights of custody of children pending appeal.

We think it noteworthy to point out that Section 14.10(a), Texas Family Code, does not require a finding by the Texas court that the order which the relator seeks to enforce be final. Under circumstances where such an order has been appealed and the foreign law is properly before the Texas court either by a party invoking Rule 184a, Tex.R.Civ.P., or pleading and proving same under the common law method, a Texas court should apply the foreign law in determining who is the person entitled to possession of the child pending appeal.

This opinion should not be construed so as to imply that this Court is of the opinion that the trial court acted properly when it refused to take judicial notice of the laws of the State of Connecticut. It was not necessary for that issue to be resolved for the reasons heretofore stated.

■ The final issue to be resolved by this Court pertains to the father's complaint that the court did not consider the best interests of the children when it directed him to deliver their possession to the mother. The court having determined that the mother was the person presently entitled to possession of the children in accord with Section 14.10(a), Texas Family Code, could not modify the order of the Connecticut court except in the two instances provided for in Section 14.10(b), Texas Family Code, which do not here exist. *Standley v. Stewart*, 539 S.W.2d 882 (Tex.1976).

The judgment of the trial court is affirmed.