Robert MERRITT, Relator,

v.

Fred S. HARLESS, Judge, et al., Respondents.

No. 05–84–00982–CV.

Court of Appeals of Texas, Dallas.

Nov. 30, 1984.

Howard V. Tygrett, Jr., Troy C. Vinson, Dallas, for relator.

Henry J. Voegtle, III, Scott Henderson, Dallas, for respondents.

Before CARVER, ROWE and SHUMPERT, JJ.

CARVER, Justice.

Robert L. Merritt applies for mandamus relief to vacate an order of the trial court which denied the filing of and execution on a foreign judgment, and to require the clerk of the trial court to act affirmatively on the foreign judgment. We grant relief as to the trial court but withhold relief as to the clerk because his failure to act rests wholly in obedience to the trial court's order which we now vacate.

In support of his application, Merritt shows by appropriate documents the following sequence of events in his suit in the Florida courts against Argos Resources, Inc.; Argos Resources, Inc. 1981 Partnership; and William D. Brosseau: (1) his complaint in the Circuit Court for the 11th Judicial Circuit in Dade County Florida seeking return of the $100,000, plus interest and costs, which he paid for an unregistered security sold to him by the named defendants; (2) the opinion of the District Court of Appeals of Florida, Third District, denying the named defendant's appeal from the trial court's order overruling defendant's "motions to quash service of process, to dismiss for insufficiency of service of process and to dismiss for lack of personal service;" (3) an order by the Supreme Court of Florida denying the defendant's Petition for Review of the opinion of the District Court of Appeal; (4) a "Summary Final Judgment" of the trial court entered April 19, 1984, granting judgment and execution against all named defendants, jointly and severally, for $100,000, plus interest of $34,044 to April 19, 1984, and interest at $32.88 per day thereafter till paid, and costs of $1,368.25; and (5) the named judgment debtors' notice of appeal of the "Summary Final Judgment" and a denial by the trial court of the judgment debtors' application for a stay and for a reduced bond pending appeal.

Merritt further shows that when he tendered his judgment for local filing and local execution in the Texas courts, one court gave him relief and then transferred the application to the court of respondent Harless. Before respondent Harless, the judg-

ment debtors secured an order which we set out in full:

On the 28th day of August, 1984 came on to be heard Defendants' Motion to Vacate and Stay of Execution of the foreign judgment originally filed in the 68th Judicial District Court of Dallas County, Texas, Cause No. 84–6317, which case was transferred to this Court.

The Court finds that Defendants' Motion should be granted and it is therefore ORDERED that the approval for filing of foreign judgment is vacated and the execution on the foreign judgment is stayed pending further order of this Court.

Signed this 28th day of August, 1984. The motion of the judgment debtors which was sustained by respondent Harless urged: (1) that they were entitled to a "Motion for New Trial" directed to the Florida judgment but presented to respondent Harless; (2) that they are entitled to try counterclaims against Merritt before execution is allowed on his Florida judgment; (3) that judicial efficiency warrants (2) above; and (4) that the Florida judgment is not actually final despite its recitations.

Before this Court, the judgment debtors have filed a "real party in interest" response to Merritt's application in which it is urged (1) that this Court has no jurisdiction to grant Merritt any relief; (2) that respondent Harless had "discretion" to enter the order and no abuse has been shown; and (3) that respondent Harless' order is authorized by article 2328b–5 (Uniform Enforcement of Foreign Judgments Act) TEX. REV.CIV.STAT. (Vernon 1984). We hold that the order entered by respondent Harless was without authority, whether by "discretion" or by statute. Consequently, we vacate the order.

■ The mandamus jurisdiction of this Court is currently found in article 1824, TEX.REV.CIV.STAT.ANN. (Vernon Supp. 1984). Our jurisdiction is concurrent with that of our supreme court and includes "all writs of mandamus agreeable to the principles of law regulating such writs, against any Judge of a District or County Court." *See W.W. Rodgers and Sons Produce Co. v. Johnson,* 673 S.W.2d 291 (Tex.App.— Dallas 1984, no writ). *Rodgers* holds that mandamus should issue "where the respondent had no authority" to enter the order complained of in the mandamus proceeding. If the Respondent here entered his order without authority, then we have jurisdiction, as well as the duty, to vacate the unauthorized order. Our inquiry then becomes whether respondent Harless had authority under article 2328b–5 to deny filing of and execution upon the Florida judgment.

Article 2328b–5 provides a comprehensive scheme for the filing and enforcement of the judgments of sister states. Section 2 of that Act provides for the filing of an authenticated foreign judgment with the local court clerk who shall thereafter "treat" such judgment as if the local court had entered it. The last sentence of section 2 provides that: "A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed." Relying upon this language, the judgment debtors urged the trial court, and now this court, that, from the moment the Florida judgment was *filed,* all the panoply of relief accorded a judgment debtor, from and after *entry* of a local judgment, applies and is available. The Relator urges that section 2 cannot be read so as to allow any of the panoply of relief *twice* and that any relief sought and denied in the foreign state may not be again sought here. We agree with the Relator and disagree with the judgment debtors.

■ We conclude that the question of personal jurisdiction, having been raised in and decided by the Florida courts, cannot be raised again in the Texas courts. Our record reflects that the judgment debtors appeared in the Florida trial and appellate courts urging, and losing, their jurisdictional pleas. Had such proceedings preceded a judgment in a Texas court, the "effect"

thereof could not be said to allow the judgment debtors to again raise lack of personal jurisdiction as a ground to vacate the judgment or deny the execution thereon, as ordered by respondent Harless. *Kellogg v. Kellogg*, 559 S.W.2d 126, 128 (Tex.Civ.App.—Texarkana 1977, no writ); *Layton v. Layton*, 538 S.W.2d 642, 647–48 (Tex.Civ. App.—San Antonio 1976, writ ref'd n.r.e.); *see Joiner v. Vasquez*, 632 S.W.2d 755, 760 (Tex.App.—Dallas 1981) (en banc) (Guittard, C.J., on motion for rehearing), *cert. denied,* —— U.S. ——, 104 S.Ct. 422, 78 L.Ed.2d 357 (1983).

■ The other grounds urged for staying the Florida judgment cannot be raised in the Texas court because they are the subject of a pending appeal in Florida. Our record reflects that the judgment debtors sought a "stay" in the Florida courts pending appeal of the trial court's judgment, or a reduced bond to delay execution, but were denied both. Had such stay or reduced bond been sought and denied, post-judgment in a Texas court, the "effect" thereof could not be said to allow the judgment debtors to *twice* urge the same.

Our record reflects that the judgment debtors urged, and lost, in the trial court in Florida, objections to the severance of their counterclaims and a plea that trial thereof with Merritt's claims would aid judicial efficiency as well as allow judicial offset between the claims. The record further reflects that all the trial court's rulings, as well as the judgment, are now on merit appeal in the Florida courts. Had such rulings and final trial court judgment been made and entered in a Texas court, and had an appeal been perfected, the "effect" thereof could not be said to be that the Texas trial court still possessed any jurisdiction to vacate its orders or judgment, the very power respondent Harless purported to exercise in this case.

The record reflects that the judgment debtors employed, as their vehicle in Respondent's court, a "Motion for New Trial" and raised therein all the issues now argued. However, the judgment debtors had theretofore fully perfected their appeal in Florida. The effect of an appeal is to deprive the trial court of all authority to change or vacate its judgment. It cannot be said that article 2328b–5's intended "effect" was to ignore the perfected appeal and restore all issues to the trial court (now a Texas Court) to be relitigated.

■ We recognize that no precedent is cited in our holdings; however, to the best of our knowledge, and that of counsel, no precedent exists to resolve the arguments presented. We are directed by section 7 of article 2328b–5 to interpret and construe this act to achieve its general purpose, i.e., the uniform enforcement of foreign judgments. To accomplish this purpose, we are instructed to give the same effect to foreign judgments that we would give to an identical judgment rendered in the Texas court where filed. We hold that article 2328b–5 requires that respondent Harless treat the Florida judgment as his own would be treated when all issues, interlocutory and final, have been concluded by judgment with execution, and an appeal therefrom has been perfected, but no supersedeas bond has been filed. Because respondent Harless would be without authority to enter his order of August 28, 1984, relating to a judgment in his own court which had been rendered April 19, 1984, from which appeal had been perfected without supersedeas bond, it follows that he was without authority to do so in this case.

Our writ shall issue requiring the vacation of respondent Harless' order of August 28, 1984, unless a certified copy of such order is furnished to and filed with our clerk promptly after the receipt of this opinion by respondent Harless.

Writ conditionally granted.