

# THE ATTORNEY GENERAL
## OF TEXAS

June 2, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No.   JM-715

Re:  Constitutionality of the Uniform
Enforcement of Judgments Act, section
35.001 et seq., Civil Procedures and
Remedies Code, and related questions

Dear Mr. Driscoll:

You request an opinion on the following questions:

>    1.  Does the Uniform Enforcement of Judgments
> Act, Civil Practice and Remedies Code section
> 35.001 et seq., violate due process?

>    2.  Is the clerk required to send the judgment
> debtor notice?

>    3.  When may the clerk issue a writ of execu-
> tion pursuant to said act?

Chapter 35 of the Civil Practice and Remedies Code, titled "Enforcement of Judgments of Other States" provides:

> §35.001.  Definition

>    In this chapter, 'foreign judgment' means a
> judgment, decree, or order of a court of the
> United States or of any other court that is
> entitled to full faith and credit in this state.

> §35.002.  Short Title

>    This chapter may be cited as the Uniform
> Enforcement of Foreign Judgments Act.

> §35.003.  Filing and Status of Foreign Judgments

>    (a)  A copy of a foreign judgment authenticated
> in accordance with an act of congress or a statute
> of this state may be filed in the office of the
> clerk of any court of competent jurisdiction of
> this state.

(b)  The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed.

(c)  A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed.

§35.004.  Affidavit; Notice of Filing

(a)  At the time a foreign judgment is filed, the judgment creditor or the judgment creditor's attorney shall file with the clerk of the court an affidavit showing the name and last known post office address of the judgment debtor and the judgment creditor.

(b)  The clerk shall promptly mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall note the mailing in the docket.

(c)  The notice must include the name and post office address of the judgment creditor and if the judgment creditor has an attorney in this state, the attorney's name and address.

§35.005.  Alternate Notice of Filing -- Judgment Creditor

(a)  The judgment creditor may mail a notice of the filing of the judgment to the judgment debtor and may file proof of mailing with the clerk.

(b)  A clerk's lack of mailing the notice of filing does not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.

§35.006.  Stay

(a)  If the judgment debtor shows the court that an appeal from the foreign judgment is pending or will be taken or that a stay of execution has been granted and proves that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered, the court shall stay enforcement of the foreign judgment until the

appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated.

(b) If the judgment debtor shows the court a ground on which enforcement of a judgment of the court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period and require the same security for satisfaction of the judgment that is required in this state.

§35.007.  Fees

(a) A person filing a foreign judgment shall pay to the clerk of the court the amount as otherwise provided by law for filing suit in the courts of this state.

(b) Filing fees are due and payable at the time of filing.

(c) Fees for other enforcement proceedings are as provided by law for judgments of the courts of this state.

§35.008.  Optional Procedure

A judgment creditor retains the right to bring an action to enforce a judgment instead of proceeding under this chapter.

Your concern relative to deprivation of due process stems from dictum appearing in Schwartz v. F.M.I. Properties Corp., 714 S.W.2d 97, 100 (Tex. App. - Houston [14th Dist.] 1986, writ ref'd n.r.e.), in which that court questioned the absence of a procedure set forth in the act for the debtor to challenge the judgment of another state.

The United States Supreme Court in Underwriters National Assurance Co. v. North Carolina Life, 455 U.S. 691 (1982) stated:

The concept of full faith and credit is central to our system of jurisprudence. Ours is a union of States, each having its own judicial system capable of adjudicating the rights and responsibilities of the parties brought before it. Given this structure, there is always a risk that two or more States will exercise their power over the same case or controversy, with the uncertainty, confusion, and delay that necessarily accompany relitigation of the same issue. See Sherrer v. Sherrer, 334 U.S. 343, 355 (1948); Riley v. New

> York Trust Co., 315 U.S. 343, 348-349 (1942).
> Recognizing that this risk of relitigation inheres
> in our federal system, the Framers provided that
> 'Full Faith and Credit shall be given in each
> State to the public Acts, Records, and judicial
> Proceedings of every other State.' U. S. Const.
> Art IV, §1. This Court has consistently
> recognized that, in order to fulfill this
> constitutional mandate, 'the judgment of a state
> court should have the same credit, validity,
> and effect, in every other court of the United
> States, which it had in the state where it was
> pronounced.' Hampton v. McConnel, 3 Wheat 234,
> 235, 4 L Ed 378 (1818) (Marshall, C. J.); Riley v.
> New York Trust Co., supra, at 353.

The Colorado Supreme Court (Colorado adopted the Uniform Act in 1969) in Gedeon v. Gedeon, 630 P.2d 579 (Colo. 1981), addressed the subject of due process rights under the Uniform Enforcement of Foreign Judgments Act. In an appeal from a trial court's judgment recognizing a judgment from the State of New Mexico, the court stated:

> Appellant also challenges the constitutionality
> of the notice provisions of the Act. The Act
> requires only that the judgment debtor be notified
> by mail at his last known address. Appellant
> claims that the procedure of entering the judgment
> without formal notice or the requirement of a
> hearing is an unconstitutional taking of property
> without due process of law. See Fuentes v.
> Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556
> (1972). We do not agree.
>
> Fuentes, supra, and its progeny required only
> that pre-judgment garnishment and attachment
> procedures comport with the strict requirements of
> due process notice and hearing. This action
> involves a post-judgment procedure. The basic
> requirements of notice and hearing have been met
> by the New Mexico court which rendered the
> original judgment. The appellee seeks merely to
> enforce her judgment against her ex-spouse.

630 P.2d at 582.

Section 35.003(c) provides that "[a] filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." (Emphasis added).

In Attorney General Opinion JM-11 (1983), the provision set forth in section 35.007(c) (then, article 2328b-5, V.T.C.S.) providing "Fees for other enforcement proceedings are as provided by law for judgments of the courts of this state" was found to "plainly provide" for fees "the same as those provided by law for enforcement of judgments of the courts of this state."

In Merritt v. Harless, 685 S.W.2d 708 (Tex. App. - Dallas 1984, no writ), the trial court had denied the filing of and execution on a Florida judgment. The appellate court held that the trial court was without authority to take such action, and stated:

> We are directed by section 7 of article 2328b-5 [now section 35.003] to interpret and construe this act to achieve its general purpose, i.e., the uniform enforcement of foreign judgments. To accomplish this purpose, we are instructed to give the same effect to foreign judgments that we would give to an identical judgment rendered in the Texas court where filed.

It is our opinion that section 35.003(c) has the effect of placing a foreign judgment in the same posture as a domestic judgment in that the foreign judgment is subject to the same procedures, defenses and proceedings as a judgment of the court in which it is filed. Consequently, we cannot say that chapter 35 "Enforcement of Judgments of Other States" does not provide a procedure for the debtor to challenge the judgment of another state filed pursuant to the act.[1] We are of the opinion that the issue you have presented relative to chapter 35 does not reflect a deprivation of due process.

---

1.  In Schwartz v. F.M.I. Properties Corporation, supra, the debtors filed a bill of review challenging a New York judgment registered in Texas. The court held that the debtors failed to present the meritorious defense required to obtain relief under a bill of review and that the New York judgment was entitled to full faith and credit.

In Underwriters National Assurance Co. v. North Carolina Life, supra, the U.S. Supreme Court noted that before a court is bound by the judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree since full faith and credit need not be given if the court did not have jurisdiction over the subject matter or the relevant parties. However, the court concluded the inquiry is limited to whether the question was fully considered and finally determined.

The answers to your remaining questions are governed by the requirement that a foreign judgment be treated as identical to judgments rendered in the Texas court where it is filed and is "subject to the same procedures, defenses and proceedings."  In addition to the requirement that the clerk "promptly mail notice of the filing of the foreign judgment to the judgment creditor" imposed by section 35.004(b), V.T.C.S, Rule 306a(3) of the Texas Rules of Civil Procedure, requires that the clerk give notice to the parties or their attorneys upon the signing of a final judgment.

With respect to the issuance of a writ of execution you state that the clerk in Harris County prefers to wait 30 days after the filing of the foreign judgment.  You further state that it has been the practice of the judgment creditor to not request that execution issue until the expiration of such 30 day period.  This procedure would appear to be in harmony with Rule 627 of the Texas Rules of Civil Procedure, which provides in pertinent part:

> If no supersedeas bond or notice of appeal, as required of agencies exempt from filing bonds, has been filed and approved, the clerk of the court or justice of the peace shall issue the execution upon such judgment upon application of the successful party or his attorney after the expiration of thirty days from the time a final judgment is signed.

Since the foreign judgment has already been signed when it reaches the clerk of the court, the filing of the judgment is the first affirmative act to be taken upon the judgment in this state.  It is at this juncture that the judgment is for the first time placed in a position to be subjected to the same procedures, defenses and proceedings "as a judgment of the court in which it is filed."  This is the first time that the debtor has an opportunity to attempt to stay the enforcement of the foreign judgment upon a showing of the contingencies contained in section 35.006.  We believe that the 30 day waiting period after filing of the foreign judgment before issuance of execution to be in harmony with the act, the requirement of due process and the spirit of Rule 627 of the Texas Rules of Civil Procedure.

### S U M M A R Y

> Chapter 35 of the Civil Practice and Remedies Code, Titled "Enforcement of Judgments of Other States" provides a procedure for a debtor to challenge a foreign judgment and is not violative of the due process clause.  The clerk of the court is required to mail notice of the filing of the foreign judgment to the judgment debtor as provided in section 35.004(b) of the Civil Practice and

Remedies Code and Rule 306a(3) of the Texas Rules of Civil Procedure.  The clerk may, pursuant to Rule 627 of the Texas Rules of Civil Procedure, issue a writ of execution 30 days after the filing of the foreign judgment.

Very truly yours

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General